F. H. LOOKABAUGH v. D. S. COOPER.

MOITION FOR NEW TRIAL OVERRULED—*Action is Final.*    In the absence of a showing of irregularity, fraud, unavoidable casualty or misfortune, the district court has no power to set aside its order overruling a motion for a new trial, upon a reconsideration of the same motion already passed upon, and a reversal of such order can be had only by proceedings in error in the supreme court.

*Error from the District Court of Blaine County.*

Action by D. S. Cooper to recover from the payee of a due-bill the amount for which it was alleged the due-bill was executed in excess of the amount actually due, on account of the fraudulent representations of the payee; and for costs accrued in a suit to collect this amount from the drawer of the bill. Judgment for plaintiff below, from which the defendant appeals.    Reversed.

*Victor Pagne, Lookabaugh Bros.,* and *W. W. Noffsinger,* for plaintiff in error.

*John W. Shartel, H. W. Gilbert* and *J. H. Campbell,* for defendant in error.

The opinion of the court was delivered by

BIERER, J.: On the trial of the cause before the court, a jury being waived, the court found that the defendant should have judgment, and rendered its judgment that he recover his costs of the plaintiff. The plaintiff moved for a new trial, which the court overruled, granted the plaintiff his exceptions, and allowed time to make a case-made. The next day the court set aside the order overruling the motion for new trial, and left the case standing on this motion. At the next term of the court, the court sustained the motion for a new trial, granted a new trial, and then proceeded to render judgment in the case for the plaintiff. The defendant then moved for a new trial, setting up among other grounds, that the court had erred in sustaining plaintiff's motion for a new trial. This motion was overruled, and the defendant duly saved his exceptions.

The only question in the case necessary for our consideration is as to whether or not the court had the power, after it had passed upon the motion for a new trial in the cause and denied it, to proceed again to consider the matter and reverse and set aside the order overruling the motion for a new trial, and then grant a new trial upon the same motion and on the same grounds which had formerly been denied, without any showing being made that the first action was taken irregularly or by inadvertence, unavoidable casualty or fraud.

There is no provision of our code which grants a party the right to make a second motion for a new trial upon the same grounds as stated in the first motion. Nor is there any provision of the code authorizing the district court to vacate or modify its own judgments or orders, without any showing of grounds therefor. The statute

does authorize the district court to vacate its own judgments or orders in certain cases, but none of these include the re-examination of matters already presented, excepting in the case of "mistake, neglect or omission of the clerk," or "irregularity in obtaining the judgment or order," or "for fraud practiced by the successful party in obtaining the judgment or order," or "for unavoidable casualty or misfortune, preventing the party from prosecuting or defending." An examination of the statute shows that the causes for which the district court is empowered to vacate or modify its own judgments or orders are specifically and definitely stated, and none of them include a reconsideration of the court's action in passing upon a motion for a new trial, or the setting aside of such an order by a second motion of the same character as that already presented, either of which modes would present the same question. (See § 4464).

The code, however, does empower the supreme court to reverse, vacate or modify a judgment of the district court for errors appearing on the record, where the district court has granted or refused a new trial. (See § 4436).

And by § 4439 the proceeding to obtain such reversal shall be by petition in error, filed in the court having the power to reverse or vacate the order complained of.

There is nothing anywhere in the statute that we have observed, or that has been called to our attention, that would give the district court the right to reverse its own action in passing upon a motion for a new trial, where no question was presented other than that which was passed upon on the presentation of the original motion, and where no irregularity, fraud or unavoidable casualty or misfortune is shown. In the case at bar it is not even shown that the defendant or his counsel was present on

the day when the order overruling the plaintiff's motion for a new trial was set aside.

The conclusion we reach in this case is amply supported by authority. In the case of *Odd Fellows' Savings Bank v. Deuprey*, [California] 4 Pac. Rep. 1173, it is said:

"The jurisdiction of a court to hear and determine a motion for a new trial lies dormant until it is called into exercise by the final submission of the motion, in a legal manner, upon the bill of exceptions, statement of the case, or other papers designated in the notice of motion. But it may be called into exercise by the submission of the motion itself, or by a motion to deny or dismiss the motion for want of prosecution, upon the ground that the party moving for the new trial has failed or neglected to serve or file within legal time the statement or other papers upon which he proposed to move; and when thus called into exercise, and the court, in the exercise of its jurisdiction, has heard and decided the motion, its order is final and conclusive, and it is not erroneous to dismiss or deny a motion afterwards made to set it aside.

"An order granting or refusing a new trial, made after the regular submission of a motion for that purpose, is reviewable only on appeal. (*Coombs v. Hibberd*, 43 Cal. 453; *Waggenheim v. Hook*, 35 Cal. 216; *Nichols v. Dunphy*, 10 Pac. C. Law J. 193). But it is otherwise where such an order has been inadvertently or prematurely made."

The same court in *Dorland v. Cunningham*, 6 Pac. Rep. 135, held:

"The statute authorizes but one motion for a new trial, and makes the ruling thereon final, so far as the superior court is concerned. For aught that appears in the transcript, the motion to set aside the order granting a new trial, was made *ex parte*, and upon the same papers as those used on the motion for a new trial. If the practice of moving to set aside an order granting or denying a

new trial should be allowed, the proceedings after judgment would be interminable, for the last order could be vacated upon motion of the losing party, and so *ad infinitum*. There must be some point where litigation in the lower court terminates, and the losing party is turned over to the appellate court for redress. (Niles, J., in *Coombs v. Hibberb*, 43, Cal. 453). In the case just cited an order vacating an order refusing a new trial was reversed."

The supreme court of California again passed upon this question in *Lang v. Superior Court*, 12 Pac. Rep. 306, where it is said:

"The demurrer and the motion for a new trial had been disposed of, and then, on what is called a 'rehearing,' the case was again brought before the court and a new order made. This is a new practice with which we are not familiar, and we know of no statute authorizing it. When a motion for a new trial is made and passed upon —either granted or denied—it is not competent for the court afterward to set its ruling aside and make another order in the case." (*People v. Center*, 61 Cal. 194; *Coombs v. Hibberd*, 43 Cal. 453).

The same doctrine obtains in Wisconsin. There, in *Rogers v. Hoenig*, 46 Wis. 361, the supreme court determined that:

"After a new trial has been absolutely denied, a second motion for the same relief, founded upon substantially the same grounds, cannot properly be granted."

Citing and following *Second Ward Bank v. Upman*, 14 Wis. 648.

In Thompson on Trials, § 2727, it is said, on this question:

"It has been held that, after an adverse decision of a motion for a new trial, the moving party has no right to to file another motion, for the matters embraced in the motion have become *res adjudicata*."

There is no difference in principle whether the second and contrary ruling is made on another motion presenting the same questions, or whether the same questions are presented on the same motion formerly passed upon.

We hold, therefore, that the district court erred in setting aside the order overruling plaintiff's motion for a new trial, and in granting the plaintiff a new trial, and for this error the cause is reversed and remanded, with directions to re-enter the original judgment for costs in favor of the defendant.

All the Justices concurring.