# SHALLENBERGER *et al.* v. BRADY.

No. 2555.   Opinion Filed February 18, 1913.

Rehearing Denied May 13, 1913.

(131 Pac. 1096.)

1. **NEW TRIAL—Action on Agreed Statement of Facts.** A court has the right to grant a new trial during the term where it has rendered a judgment upon an agreed statement of facts.

2. **MASTER AND SERVANT—Compensation—Relation of Parties.** A contract between a construction company and B. provided that the company should construct a building according to plans and specifications; that it should furnish all necessary machinery and tools; that it should purchase material for the building, and should employ labor, and receive as compensation six per cent. of the total cost of all labor and materials furnished. The twelfth article of the contract provided: "That the contractor shall keep a constant supervision of said work to the end that there be no delay by reason of being out of material, and shall see that there is no delay by reason thereof, and shall see that the labor is efficient and kept at work. The owner and her agent may continuously inspect the labor and material for that purpose and require the discharge of any laborer that is incompetent or inefficient, and shall at all times have free access to inspect all the invoices for materials and all t' e orders therefor, and the pay roll and time books of the contractor." Held, that a foreman, whose duty it was to "supervise the work of the laborers on said building, accelerate, direct, and control same, and see that the same is performed in accordance with the plans and specifications, and to keep the time of the laborers on said building," was engaged in duties imposed upon the company by the contract, and was not a laborer for whose compensation B. was responsible under the contract.

(Syllabus by Rosser, C.)

*Error from District Court, Tulsa County;*
*L. M. Poe, Judge.*

Submission by an agreed case of a controversy between F. E. Shallenberger, doing business as the Shallenberger Construction Company, and R. C. Brady. Judgment for defendant, and plaintiff brings error. Affirmed.

*Woodson Norvell* and *W. O. McNary,* for plaintiffs in error.
*Biddison & Campbell,* for defendant in error.

Opinion by ROSSER, C. This was a proceeding under section 6051, Comp. Laws 1909, by which the parties submitted a controversy to the district court of Tulsa county. The facts agreed upon are that the Shallenbergers are engaged in business as a construction company, and as such take contracts for the building of houses; that as such company they entered into a contract with the defendant, R. C. Brady, to build for her a certain building in the city of Tulsa. The contract entered into is attached to the agreed statement of facts. This contract provides that the construction company shall, under the directions of the architect, construct a certain building in the city of Tulsa, according to plans and specifications prepared; that the company shall furnish all necessary machinery and tools and do everything necessary to carry out the contract.

The sixth article of the contract is as follows:

"The contractor shall purchase the material for said building at not to exceed the lowest price at which the same can be purchased, quality or equal quality being considered, and shall employ labor at not exceeding the standard and current scale of wages in Tulsa at the time, and shall not purchase material for such construction without conferring with the owner or her agent for the determination of the price and quality thereof, and shall not purchase such material at a price in excess of that at which the owner can purchase, nor shall the contractor employ labor that is inefficient or at a price in excess of that at which the owner can employ equally skilled and efficient labor."

The twelfth article of the contract is as follows:

"The contractor shall keep a constant supervision of said work, to the end that there be no delay by reason of being out of material, and shall see that there is no delay by reason thereof, and shall see that the labor is efficient and kept at work. The owner and her agent may continuously inspect the labor and material for that purpose and require the discharge of any laborer that is incompetent or inefficient, and shall at all times have free access and inspection of the invoices of material and of the orders therefor, and the payroll and time books of the contractor."

Article 13 of the contract is as follows:

"The owner shall pay for all material when due, and shall pay the labor weekly, and in addition shall pay the contractor as compensation to him for the full performance of this contract six per cent. of the total cost of all labor and material by him furnished, used or employed in the performance of his contract, not including any machinery or tools, and said payments shall be paid as follows: Six per cent. of the weekly pay roll for labor to be paid on the first of each month and six per cent. of the cost of all labor and materials used in the construction of the building when bills for same become due."

There are a number of other provisions in the contract, but they are not material to the question involved. This agreed statement of facts contained the following paragraph:

"The plaintiff has employed in the construction of said building a foreman whose duty it is to supervise the work of the laborers on said building, accelerate, direct, and control same, and see that the same is performed in accordance with the plans and specifications, and to keep the time of the laborers on said building. That the said foreman has performed the said services on said building at the agreed compensation between himself and the plaintiff at $5 per day, so that the amount actually earned by said foreman, at said rate, is $369.10 for services actually performed as herein set out. That the defendant refuses to pay said foreman, and contends and claims that she is not liable therefor. That the duties performed are duties provided for under said contract, and the plaintiff claims that the wages of said foreman are part of the total cost of the labor furnished by him, and that the services performed by said foreman are necessary and a customary part of the labor on said structure."

The trial court rendered a judgment in favor of the construction company for the amount of the foreman's wages. The defendant, Brady, filed a motion for new trial. The company moved to strike the motion for new trial from the files for the alleged reason that a new trial cannot be granted where a judgment is rendered upon an agreed statement. This motion was overruled, and the action of the court in overruling it is assigned as error.

The company takes the position that the court had no right to set aside the judgment because the facts were agreed upon.

This contention is without merit. The judgment was set aside at the same term at which it was rendered. A court has control of its proceedings during the term and may set aside a judgment upon motion or upon its own motion, in proper cases, at any time during the term. When a court sets aside a judgment during the term at which it was rendered, the only question upon appeal is whether the judgment should have been set aside, not whether the court had jurisdiction to set it aside. Of course, in order for a party to take advantage of the court's refusal to set aside a judgment, he must have complied with the statute with reference to motions for new trials, but his failure to do so does not affect the jurisdiction of the court to act.

In this case the parties agreed on a statement of facts which the company asserted entitled it to recover, and which the defendant denied entitled it to the relief sought. The court, therefore, acted upon it exactly as if the company had brought an action in the ordinary way, had stated in its petition the same facts contained in the agreed statement, and Brady had demurred to the petition. The court would have had the right, after overruling the demurrer, and upon further consideration, to set aside the judgment overruling the demurrer and to enter a judgment sustaining it. It would be a reproach to the law if the trial court had no power to correct a manifest error at the term when committed.

The main question in this case involves simply the construction of the contract under which the company was employed. The twelfth article of the contract seems clearly to require the contractor to perform the same duties which the third paragraph of the agreed statement shows were actually performed by the foreman. The foreman supervised, directed, and controlled the laborers and saw that the labor was performed in accordance with the specifications. He also kept the time of the laborers. The twelfth paragraph of the contract required the contractor to keep a constant supervision of the work and to see that the labor was efficient and kept at

work, and contemplated the keeping of time books by the contractor; and other portions of the contract required him to do the work according to the specifications. It is true that the third paragraph of the agreed case contains the statement that plaintiffs claim the wages of a foreman are part of the total cost of the labor furnished by them, and that the services performed by the foreman are a necessary·and a customary part of the labor. But no proof that it is customary for the owner to pay a foreman in such cases was made, and that fact was not agreed to.

The judgment should be affirmed.

By the Court: It is so ordered.