### GREENBERG v. LESAMIS et al.

(Second Division.  Nome.  February 14, 1914.)

No. 2349.

1. NEW TRIAL ☞11(2)—SECOND MOTION NOT ALLOWED.
     A second motion for a new trial may not be made in Alaska, under section 1057, Comp. Laws 1913.

2. NEW TRIAL ☞36—ARGUMENT AND PRACTICE.
     Where the judge who heard an equity case, and is familiar with the evidence, facts, and pleadings, overruled a motion for a new trial without hearing argument, *held* not ground for a new trial on a second motion heard before the successor to the trial judge.

F. J. Hobbes, of Nome, and W. A. Gilmore, of Seattle, Wash., for plaintiff.

G. J. Lomen and O. D. Cochran, both of Nome, for defendants.

TUCKER, District Judge.  The court is asked to reopen this case on a second motion for a new trial, but I can see no justification for doing so.  Neither section 1057, nor any other section of the Alaska law, provides for any such second motion, and section 925 has no application to this case.

In the case of Kentucky Central R. Co. v. Smith, 93 Ky. 449, 20 S. W. 392, 18 L. R. A. 67, and Lookabaugh v. Cooper, 5 Okl. 102, 48 Pac. 99, this question is discussed and decided with reference to a statute similar to section 1057, and I think the decisions in those cases lay down the correct rule or doctrine.  I do not mean to say that there are no circumstances in which this court would reopen a case on a second motion, but this is not one of them.

_____

☞See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.

The first and third grounds for the motion were disposed of by (1) the decision in the Humel Case, 5 Alaska, 25, recently decided, and (2) by the affidavit of Mr. Hobbes, with reference to the stenographer. With reference to the second ground, and the alleged wrong or injustice upon which the defendants mainly base the second motion; namely, that Judge Murane failed or refused to hear argument on the original motion, that there is no such thing as a pro forma decision on motion for new trial, and that it is the duty of the court to hear argument thereon and to weigh or reweigh the evidence in the case, etc. Defendants cite the cases reported in 74 Fed. 477, 20 C. C. A. 596 (Mt. Adams & E. P. Inclined R. Co. v. Lowery), and 176 Fed. 529, 99 C. C. A. 102 (Big Brushy Coal & Coke Co. v. Williams). It is difficult to see how these cases have any bearing on the case at bar. They simply reiterate the familiar rule as to the weight of evidence with reference to the verdict of a jury and the province of the court quoad the same. I can find nowhere in the decisions that it is held that the court must hear argument on a motion for a new trial. It may be better for the court to do so, especially in jury cases where the evidence is adduced more particularly before and for the benefit of the jury whose particular province is to pass on the facts; in such cases it would be wiser and better for the court to have its attention brought particularly to the evidence by argument on a motion to set aside the verdict.

In the case at bar, however, the trial was solely before the judge, without a jury. It was a case in equity, and while there was a mass of evidence, it may reasonably be inferred that the judge had it well in mind. The trial lasted several days, and doubtless the case was elaborately and ably argued. The judge took ample time to consider the case for he did not render his decision until October 28th, about 10 days after the trial.

Having reached the conclusion, therefore, that the second motion for a new trial should be overruled, it is unnecessary to pass on the questions raised on the motion "to strike." Counsel for the defendants suggest, however, that the hearing of argument on that motion resulted in an injustice to the defense, in that it gave the plaintiff the opening and conclusion of the argument on the second motion for a new trial. But the court is satisfied that the defense has suffered no harm there-

from. The oral and written arguments already had, and the authorities examined since the same was filed has sufficiently advised the court upon the facts and the law, and it would be a waste of time to hear the case further.