## BARNES et al. v. BRUCE et al.

No. 7949.     Opinion Filed Jan. 30, 1917.

On Rehearing, May 15, 1917.

(165 Pac. 405.)

**1. Judgment—Opening or Vacating—Discretion of Court During Term.**

For the purpose of administering justice, the district court has very wide and extended discretion in opening judgments and in setting aside, vacating, or modifying proceedings had before it, if it does so at the same term at which the judgment or proceedings were had, if all the parties are present in court, and no advantage is taken of either party.

**2. New Trial—Denial of Motion For New Trial—Vacation and Granting of Motion.**

A trial court, after hearing a case and rendering judgment in favor of one of the

parties and after the motion for a new trial has been filed, heard, and overruled, and extension of time granted to make and serve a case-made, at the same term at which all such proceedings and orders were rendered, may in its discretion entertain a motion to set aside its former order denying a new trial and grant a new trial of said cause.

(Syllabus by Jones, C.)

Error from District Court, Muskogee County; R. P. de Graffenreid, Judge.

Action by Clyde Barnes and another against Octavia Bruce and another. Judgment for defendants, and plaintiffs bring error. Affirmed.

Vernor & Vernor, for plaintiffs in error.

Bailey, Wyand & Broaddus and Howell Parks, for defendants in error.

Opinion by JONES, C. This action was commenced by plaintiffs on the 24th day of February, 1914, by filing their petition in the office of the clerk of the district court of Muskogee county, for a temporary injunction asking that the sheriff of Muskogee county and the defendants be restrained from selling under execution certain lands, and on the 3d day of March, 1914, the district court granted a temporary injunction, and on the final hearing of said cause the temporary injunction theretofore issued was made permanent, and on a full hearing of said cause the court rendered general judgment in favor of the plaintiffs, plaintiffs in error herein. Thereafter, on the 19th day of June, 1915, defendants filed their motion for a new trial, and on the same day said motion was overruled and appeal allowed, an extension of 60 days from said date was allowed to make and serve case-made to the Supreme Court, and plaintiffs were allowed 10 days to suggest amendments and the case-made to be settled and signed on five days' notice by either party. Thereafter, on the 6th day of July, 1915, the defendants, instead of taking the necessary steps to perfect their appeal, filed a motion in the office of the clerk asking the court for an order vacating and setting aside the order theretofore made overruling the motion for a new trial; and thereafter on the 12th day of July, 1915, there was filed in the office of the clerk a response by plaintiffs to the motion of the defendants, asking that the court vacate the order overruling the motion for a new trial. The principal averments in said response were to the effect that the court was without jurisdiction to hear and determine the motion filed to vacate an order overruling a motion for a new trial and granting an appeal to the Supreme Court, for the reason it involved a re-examination of matters already presented and passed upon by the court and does not come

within the statutes of Oklahoma giving the court power and authority to set aside judgments on the grounds enumerated in the statutes, and for the further reason that said motion asking that the former order overruling motion for a new trial be vacated and set aside, contained no question other than that which was passed upon on the presentation of the original motion, and the matter was therefore res adjudicata, and the court, upon the overruling of the motion for a new trial and giving an extension of time in which to make and serve case-made, had lost jurisdiction of the cause of action, and that said order overruling motion for a new trial was reviewable only upon appeal. Thereafter, on the 17th day of July, 1915, the court passed upon the last above-mentioned motion and allowed the same, and there was filed in the office of the clerk an order granting the motion and vacating and setting aside the order overruling the motion for a new trial, to which ruling of the court the plaintiffs then and there excepted. The order further provided that the judgment theretofore rendered in favor of the plaintiffs be set aside, and the permanent injunction awarded them be dissolved, and the defendants granted a new trial. Thereafter, on the 8th day of December, 1916, a new trial was had of said cause and at this trial judgment was rendered in favor of the defendants, from which plaintiffs prosecute this appeal.

There are other facts which might be material to a just settlement of this case, but plaintiffs in error have briefed the case and base their sole right to a reversal of this case on the one assignment of error, to wit, that the court had no right to entertain a motion to set aside its order overruling a motion for a new trial, and having granted an extension of time in which to make and serve case-made, it had no further jurisdiction, and therefore no right to pass upon any judgment or order made in the case, although all of the judgments and orders and proceedings were had at the same term of said district court.

We would not commend the practice as pursued in the trial of this case; but we think that the law of this case has been decided heretofore by our Supreme Court, and we find it to be in conformity with the general rule of law governing the right of courts to vacate, set aside, modify, or annul its judgments and orders during term time as laid down in 23 Cyc. 901.

In the case of Georgia Home Ins. Co. v. Halsey, 37 Okla. 678, 133 Pac. 202, the court uses this language:

"A court has control of its judgments during the term at which they are rendered and may set them aside of its own motion, if they are erroneous."

In the case of Shallenberger v. Brady, 37 Okla. 440, 131 Pac. 1096, we find this language:

"The judgment was set aside at the same term at which it was rendered. A court has control of its proceedings during the term and may set aside a judgment upon motion or upon its own motion, in proper cases, at any time during the term. When a court sets aside a judgment during the term at which it was rendered, the only question upon appeal is whether the judgment should have been set aside, not whether the court had jurisdiction to set it aside. Of course, in order for a party to take advantage of the court's refusal to set aside a judgment, he must have complied with the statute with reference to motions for new trials; but his failure to do so does not affect the jurisdiction of the court to act."

The court further states in Philip Carey Co v. Vickers, 38 Okla. 643, 134 Pac. 851, that:

"It is a general rule of law that all the judgments, decrees, or other orders of the court, however conclusive in their character, are under the control of the court which pronounces them during the term at which they are rendered or entered of record, and may then be set aside, vacated, or modified by the court."

In the case of Hogan v. Bailey, 27 Okla. 15, 110 Pac. 890, which is a case very similar to the one at bar, we find this language:

"It is insisted on the part of counsel for movant that, the court having once acted on the motion for a new trial, its power over the case and the order thus made was final and conclusive, and that the ruling made on the motion filed to vacate and set aside such order was error. The rule obtaining in all courts of general jurisdiction, except where restricted by some statute, is that during the whole term at which a judgment or order is rendered it remains subject to the plenary control of the court, and, where the administration of justice will be conserved thereby, it may be vacated and set aside, modified, or annulled. This power over the judgments and orders of such a court is not dependent upon any statute, but is inherent in the court itself."

There is apparently a conflict of Oklahoma authorities on this question. The case of Lookabaugh v. Cooper, 5 Okla. 102, 48 Pac. 99, is very much in point, and the learned justice very concisely lays down the rule that, in the absence of a showing of irregularity, fraud, unavoidable casualty, or misfortune, the district court has no power to set aside its order overruling a motion for a new trial upon a reconsideration of the same motion already passed upon, and a reversal of such order can be had only by proceedings in error in the Supreme Court. While we are inclined to feel this would be a good rule of practice and procedure in the trial courts, it occurs to us to be in conflict with the later decisions of our Supreme Court, and also in conflict with the general rule of law governing the question involved here.

Finding no error in the action of the trial court in entertaining the motion to set aside and vacate its former order refusing to grant a new trial, and none of the other assignments of error being pressed or called to our attention by the brief of either plaintiffs in error or defendants in error, we therefore affirm the judgment of the trial court.

### On Rehearing.

SHARP, C. J. Except in so far as the opinion prepared by the learned commissioner commends the rule contained in Lookabaugh v. Cooper, 5 Okla. 102, 48 Pac. 99, it is approved. The rule announced in that case is in conflict with the principle involved in a number of later decisions of this court, including those cited in the commissioner's opinion. That opinion proceeds upon the theory that, before the trial court can vacate or modify its own order granting or denying a motion for a new trial, even though at the same term, some statute must be found authorizing such procedure; that, when the court has acted upon a motion for a new trial, it is without power, though at the same term of court, to reconsider its action, however erroneous it may be. The opinion in Lookabaugh v. Cooper, it will be seen, wholly overlooks the well-recognized rule that the judgments, decrees, and orders of a court of general jurisdiction, however conclusive in their character, are under the control of the court which pronounces them, during the term at which they are rendered, and that they may be then set aside, vacated, or annulled by that court. Nor does the difference between the facts involved in the Lookabaugh Case and those in Hogan v. Bailey, 27 Okla. 15, 110 Pac. 890, authorize the application of a different rule of law. In each case, the trial court undoubtedly had the power to make the second order, as is true in the case at bar. In Todd et al. v. Orr, 44 Okla. 459, 145 Pac. 393, the rule was announced that courts of general common-law jurisdiction have the inherent power, upon their own motion, to set aside a verdict and grant a new trial on account of prejudicial error, when done at the same term of court at which the verdict was returned or judgment rendered; and it was said that the power would not be deemed to have been taken away by statute, unless the intention to do so was clear. We there overruled the opinion of the territorial Supreme

Court in Long v. Board of County Com'rs, 5 Okla. 128, 47 Pac. 1063, handed down at the same term of the court as the opinion in Lookabaugh v. Cooper, and which case involves a question very similar to that in the latter case. The opinion in Todd v. Orr, supra, cites and reviews a number of English cases, as well as a large number of cases from the courts of other states, and in all of which the rule is recognized that a court of general jurisdiction has control over its orders or judgments during the term at which made, and for sufficient cause may modify or set them aside, and that when vacated the parties are remitted back to such rights and remedies as they formerly had, the same as though the judgment or order vacated had not been made in the first instance. We there said that:

"The power to correct errors in their own proceedings is inherent in all courts of general jurisdiction, and in the exercise of that discretion they are governed, not alone by their solicitude for the rights of litigants, but also by the considerations of justice to themselves as instruments provided for the impartial administration of the law"—and that any other view would so fetter and paralyze the power of the courts that they must frequently do wrong from mere inability to do right.

If, then, the court has the inherent authority upon its own motion to vacate or modify orders made by it during the term, a fortiori, should the power be exercised when invoked by one of the parties to the proceedings.

The same general principle is recognized in Philip Carey Co. v. Vickers, 38 Okla. 643, 134 Pac. 851, where Mr. Justice Kane, speaking for the court, announced the rule that all judgments, decrees, or other orders of the court, however conclusive in their character, are under the control of the court which pronounces them, during the term at which they are rendered, or entered of record, and may then be set aside and vacated or modified by the court. In that case a motion invoking the inherent equitable power of the superior court to vacate one of its own judgments was filed during the term at which such judgment was rendered, but was not ruled upon until the succeeding term, when it was sustained and the judgment set aside; and it was held that the discretionary power of the court was not lost by the continuance of the motion to the next term, and, when sustained at that term, the action of the court in the premises was the same in legal effect as if the ruling had been made at the term at which the motion was filed. As the rule announced in Lookabaugh v. Cooper is contrary to that contained in the opinion in Todd v. Orr and Philip Carey Co. v. Vickers, supra, and, fur-

ther, is unsound in principle and opposed to the great weight of authority, the same is expressly overruled.

The judgment of the trial court is affirmed.