## BLAKE et al. v. BAKER, County Treasurer, et al.

No. 8004 — Opinion Filed July 24, 1917.

Rehearing Denied Sept. 18, 1917.

(167 Pac. 329.)

### 1. Judgment—Vacation—Motion—Time.

Courts of general common-law jurisdiction have control of all judgments, decrees, or other orders, however conclusive in their character, during the term at which they are rendered, and may set aside, vacate, and modify them during said term, and a motion invoking this inherent equitable power filed during the term at which judgments, decrees, or other orders are made invests such court with full power to act at a subsequent term, and the action of the court in the premises at subsequent term has the same legal effect as if such ruling had been made at the term at which the motion was filed.

### 2. Same.

Action of trial court in setting aside certain orders and judgments on application filed at same term they were made and entered examined and approved.

(Syllabus by West, C.)

Error from District Court, Oklahoma County; John W. Hayson, Judge.

Suit for injunction by C. B. Blake and others against George Baker, as County Treasurer of Oklahoma County, and others; O. F. Murray, Intervener. Judgment for plaintiffs, and from an order vacating and setting aside the judgment as to part of the plaintiffs, they bring error. Affirmed.

E. E. Blake, Shirk & Danner, and Loyal J. Miller, for plaintiffs in error.

John Embry, for defendants in error.

Opinion by WEST, C. This is an appeal from the action of the district court of Oklahoma county vacating and setting aside judgment rendered in said cause on the 27th day of January, 1915. Plaintiffs in error, plaintiffs below, instituted suit against defendants in error, defendants below, to restrain the collection of certain taxes assessed against certain property described in their petition for the years 1910, 1911, 1912, 1913. To petition filed by plaintiff the defendant by the county attorney filed a demurrer alleging general and special grounds therefor. The court overruled said demurrer, and thereupon defendant elected to stand thereon, and judgment was rendered in favor of plaintiffs. Some days later, and during the same term of the court, defendants filed motion to set aside said judgment, which was by the court at the next term thereof sustained as to certain of the plaintiffs and overruled as to others; and this action of the court is brought here for review. For convenience the parties will be designated here as they were below.

It is contended by plaintiffs that, notwithstanding the action of the court in vacating its judgment was upon motion filed at the same term of court at which the judg-

ment was entered, the court was without authority and right even in the exercise of its inherent equitable power to vacate its judgment.

In case of Barnes et al. v. Bruce et al., 63 Okla. 270, 165 Pac, 405, the first and second paragraphs of the syllabus are as follows:

"1. Judgment—Opening or Vacating—Discretion of Court During Term. For the purpose of administering justice, the district court has very wide and extended discretion in opening judgments and in setting aside, vacating, or modifying proceedings had before it, if it does so at the same term at which the judgment or proceedings were had, if all the parties are present in court, and no advantage is taken of either party.

"2. New Trial—Denial of Motion for New Trial—Vacation and Granting of Motion.—A trial court, after hearing a case and rendering judgment in favor of one of the parties and after the motion for a new trial has been filed, heard, and overruled, and extension of time granted to make and serve a case-made, at the same term at which all such proceedings and orders were rendered, may in its discretion entertain a motion to set aside its former order denying a new trial and grant a new trial of said cause."

The principal question presented and decided in the case supra, as stated in the body of the opinion, is as follows, to wit:

"The right of the court to entertain a motion to set aside its order overruling a motion for a new trial, and having granted an extension of time in which to make and serve case-made, it had no further jurisdiction, and therefore no right to pass upon any judgment or order made in the case, although all of the judgments and orders and proceedings were had at the same term of said district court."

In the body of the opinion the court cites in the case of Georgia Home Ins. Co. v. Halsey, 37 Okla. 678, 133 Pac. 202, as follows:

"A court has control of its judgments during the term at which they are rendered, and may set them aside of its own motion, if they are erroneous"

—and citing the case of Shallenberger v. Brady, 37 Okla. 440, 131 Pac. 1096, quoting the following language:

"The judgment was set aside at the same term at which it was rendered. A court has control of its proceedings during the term and may set aside a judgment upon motion or upon its own motion, in proper cases, at any time during the term. When a court sets aside a judgment during the term at which it was rendered, the only question upon appeal is whether the judgment should have been set aside, not whether the court had jurisdiction to set it aside. Of course, in order for a

party to take advantage of the court's refusal to set aside a judgment, he must have complied with the statute with reference to motions for new trials; but his failure to do so does not affect the jurisdiction of the court to act."

In the case of Todd et al. v. Orr, 44 Okla. 459, 145 Pac. 393, Chief Justice Sharp in the syllabus lays down the following rules in the first, second, and third paragraphs of the syllabus:

"1. New Trial—Power to Grant—Statute. Courts of general common-law jurisdiction have the inherent power upon their own motion to set aside a verdict and grant a new trial on account of prejudicial error, when done at the same term of court at which the verdict was returned or judgment rendered; and the power will not be deemed to have been taken away by statute, unless intent to do so is clear. Long v. Board of County Commissioners, 5 Okla. 127 [128], 47 Pac. 100 [1063], announcing a contrary rule, overruled.

"2. Judgment—Procedure—Vacation During Term. A court of general jurisdiction has control over orders or judgment during the term at which made, and for sufficient cause may modify or set them aside at that term, and, when so set aside the parties are remitted back to such rights and remedies as they formerly had, the same as though the order or judgment vacated had not been made in the first instance.

"3. Trial—Jurisdiction—Correction of Errors. The power to correct errors in their own proceedings is inherent in all courts of general jurisdiction and in the exercise of that discretion they are governed not alone by their solicitude for the rights of litigants, but also by the considerations of justice to themselves as instruments provided for the impartial administration of the law."

In the body of the opinion, after an exhaustive review of the power and authority of the court in the exercise of their inherent equitable power over judgments during the term at which they were rendered, the court uses the following language :

"The power of a court of record, during the term at which rendered, to control its orders, judgments, and decrees, made during the term, is of far-reaching importance. That such authority should be possessed by trial courts of general jurisdiction must be conceded. Any other view would so fetter and paralyze the power of the courts that they must frequently do wrong, from mere inability to do right."

In the case of Barnes et al. v. Bruce. supra. Chief Justice Sharp, in passing upon motion for rehearing, uses the following language:

"Except in so far as the opinion prepared by the learned commissioner commends the

rule contained in Lookabaugh v. Cooper, 5 Okla. 102, 48 Pac. 99, it is approved. The rule announced in that case is in conflict with the principle involved in a number of later decisions of this court, including those cited in the commissioner's opinion. That opinion proceeds upon the theory that, before the trial court can vacate or modify its own order granting or denying a motion for a new trial, even though at the same term, some statute must be found authorizing such procedure; that, when the court has acted upon a motion for a new trial, it is without power, though at the same term of court, to reconsider its action however erroneous it may be. The opinion in Lookabaugh v. Cooper, it will be seen, wholly overlooks the well-recognized rule that the judgments, decrees, and orders of a court of general jurisdiction, however conclusive in their character, are under the control of the court which pronounces them, during the term at which they are rendered, and that they may be then set aside, vacated, or annulled by that court."

In the case of Phillip Carey Co. v. Vickers, 38 Okla. 643, 134 Pac. 851, Justice Kane in the first, second, and third paragraphs of the syllabus lays down the following rules:

"1. Judgment—Motion to Vacate or Modify—Jurisdiction. It is a general rule of law that all the judgments, decrees, or other orders of the court, however conclusive in their character, are under the control of the court which pronounces them, during the term at which they are rendered or entered of record, and may then be set aside, vacated, or modified by the court.

"2. Same. It is equally well established that after the term has ended all final orders or decrees of the court pass beyond its control unless steps be taken during the term, by motion or otherwise, to set aside, modify, or correct them.

"3. Same—Jurisdiction to Entertain. A motion invoking the inherent equitable power of the superior court to vacate one of its own judgments was filed during the term at which such judgment was rendered, but was not ruled upon until the succeeding term, when it was sustained, and the judgment set aside. Held, that the discretionary power of the court was not lost by the continuance of the motion to the next term, and when sustained at that term the action of the court in the premises was the same in legal effect as if the ruling had been made at the term at which the motion was filed."

In the body of the opinion Justice Kane, speaking for the court, uses the following language:

"To every lawsuit the state is a party, as well as the plaintiffs and the defendants in whose names the same is being prosecuted. The state pays the salary of the judges and a large portion of the other expenses of what upon the face of the pleading appears to be merely private litigation, and this munificence is justified upon the theory that it is a matter of public concern that every justifiable cause shall be decided according to right and justice. The duty of the court is not merely that of an umpire, to mark the fine points made by counsel for the respective parties, and then decide the cause in favor of the party whose lawyer has the more points to his credit. The court must keep in mind the interest of the state in the controversy, and so direct the cause that the interest of the state, as well as that of the real parties, will be subserved."

It therefore appears to be the established law in this jurisdiction that a trial court has the inherent equitable power to correct, modify or set aside its own orders or judgments, however conclusive in their character during the term at which they are rendered, or at a subsequent term, where a motion is filed invoking this inherent equitable power during the term at which such judgment, decree, or orders are made; and the only question presented in reviewing the action of the trial court in setting aside its judgment or order as was done in this case is whether or not it should have been done.

This was an extraordinary remedy pursued by plaintiffs in an effort to evade what they alleged to be an illegal tax. The real parties in interest to be affected by this litigation were the state, county, and school district, who alone will suffer the loss of these taxes should the collection thereof be defeated, and it appears that the exercise of this inherent equitable power of the court in the instant case was all that stood between what otherwise would have been a successful legal assault by a mere formal application on part of plaintiffs disabling the constituted authorities in their efforts to collect four years' taxes on certain of the properties of the plaintiffs, and this would have been accomplished without requiring plaintiff to prove the allegations of their petition or giving the defendants, who were the agents of the real parties in interest their day in court or affording them the opportunity to combat the efforts on the part of plaintiffs to show that said taxes were illegal, and that the collection thereof would inflict an irreparable injury to them. The situation was one that strongly appealed to the legal discretion of the court invoking this inherent equitable power to supplant the inefficiency and incompetency of those having in charge the interest of the state, county, and school district. In this case a situation was presented to the trial court, where the exercise of this inherent equitable power by the court alone could protect the state, county, and school

district in their efforts to have the disputed taxes in question fairly litigated.

If the plaintiffs are correct in their contention that the taxes sought to be collected are illegal they will be afforded ample opportunity to establish their claims. On the other hand, if their claims are unfounded, the interests or the governmental agencies involved will not suffer on account of the misconception of their legal rights by those being charged with the duty to safeguard those rights. All parties concerned under the ruling of the court complained of in the premises will be afforded an opportunity to establish their respective claims, and the court, after a fair, full, and complete hearing, will be able to protect and safeguard and guarantee the legal rights of all the parties to this controversy.

It appears to us that the trial court was eminently correct in the exercise of its inherent equitable power in the instant case, and that the same was exercised in the interest of justice and right.

Finding no error in the action of the trial court in vacating said judgment complained of, the same is hereby affirmed.

By the Court: It is so ordered.