## MISSOURI QUARRIES CO. v. BRADY.

No. 14204—Opinion Filed Oct. 9, 1923.

(Syllabus.)

1. **Judgment—Jurisdiction to Vacate—Motions for New Trial.**

In order for a party to take advantage of the court's refusal to set aside a judgment, he must have complied with the statute with reference to motions for new trial; but his failure to do so does not affect the jurisdiction of the court to act.

2. **Same—Discretion of Trial Court.**

For the purpose of administering justice, the district court has very wide and extended discretion in opening judgments and setting aside, vacating, or modifying proceedings had before it, if it does so at the same term at which the judgment or proceedings were had, if all the parties are present in court and no advantage is taken of either party.

3. **Same—Motion to Vacate Filed During Term—Jurisdiction After Term.**

A motion by the defendant invoking the inherent equitable power of the district court to vacate a judgment rendered against said defendant by default was filed during the same term such judgment was rendered, but was not ruled upon until the succeeding term, when it was sustained and the judgment set aside. Held, that the discretionary power of the court was not lost by the continuance of the motion to the next

term, and when sustained at that term the action of the court in the premises was the same in legal effect as if the ruling had been made at the term at which the motion was filed.

Error from District Court, Tulsa County; W. B. Williams, Judge.

Action by the Missouri Quarries Company against W. T. Brady. From order setting aside default judgment, plaintiff brings error. Affirmed.

Hulette F. Aby, William F. Tucker, and Frank Settle, for plaintiff in error.

Underwood & Rodolf, for defendant in error.

MASON, J. This is an appeal from the action of the district court of Tulsa county vacating and setting aside a default judgment rendered against the defendant in error, defendant below, in favor of the plaintiff in error, plaintiff below. For convenience, the parties will be designated here as they were below.

The record discloses that the default judgment was rendered in the court below on the 6th day of May, 1922, the same being one of the regular judicial days of the March, 1922, term of said court; that, thereafter, on the 19th day of May, 1922, and during the same term at which the judgment was rendered, the defendant filed the following motion to vacate said judgment:

"Comes, now, W. T. Brady, defendant above named, and moves the court to set aside and hold for naught the judgment rendered heretofore in this cause, to wit, on the 6th day of May, 1921, for the reason that this suit was filed in this court on the 26th day of May, 1920; that on the same date this defendant filed a suit against this plaintiff; that at this time Mr. A. K. Swann was an attorney employed by the firm of Aby & Tucker, the attorneys for plaintiff, and Mr. Swann and Mr. Brady had an oral agreement whereby these two cases were to be consolidated and the petition of this defendant was to be treated as an answer and counterclaim in this suit; that this defendant, relying upon the agreement made with Mr. Swann, assumed that this consolidation had been made and that the case was at issue and ready for trial and was not advised that this had not been done until he was notified by his attorneys, Walker, Underwood & Rodolf, that a default judgment had been taken against him in this case."

The motion came on for hearing on the 11th day of October, 1922, the same being a regular judicial day of the June, 1922, term of said court, which immediately followed the March, 1922, term.

The attorney for the plaintiff, A. K. Swann, referred to in the defendant's motion to vacate, and the defendant both testified to facts substantially the same as those alleged in the defendant's motion. In addition thereto, the witness Swann testified that he thought he had filed a motion for consolidation of said cases, and that the same had been made until he examined the records in the court clerk's office on the date of said hearing.

The only evidence introduced by the plaintiff was a letter written by the attorneys for the plaintiff to the defendant under date of April 19, 1921, the portion of said letter pertaining to this case being as follows:

"Relative to the Missouri Quarries Company, the record shows that suit was filed against you by our client, in which case you have not answered. You are therefore in default for considerable time. You filed a separate suit and we are advised from some source that you had some sort of an understanding with Mr. Swann. Permit me to suggest that the best way to handle this matter would be for you to file an answer and cross-petition in the case we filed. We will agree that you may file the same out of time, then the whole matter could be tried in the one case, and your case dismissed, since you have no service anyway."

The defendant Brady testified that he had no recollection of receiving said letter; that he recalled having a conversation to the same effect with one of the attorneys for the plaintiff, but that he was unable to file an answer in said case because of his inability to find the court files.

He further testified that in his effort to find the files in said case he inquired at the office of the court clerk of Tulsa county, at the office of the attorneys for the plaintiff, and at the office of his attorneys. He also testified that he informed the attorneys for the plaintiff that it would be impossible for him to prepare his answer without said files, and that later one of the attorneys for plaintiff found the files in their office and secured the default judgment herein without further notice to the defendant.

After hearing the evidence, the court vacated the judgment and the plaintiff has perfected an appeal to this court to review the trial court's action.

For reversal, plaintiff in error assigns several specifications of error which coun-

sel present in their brief under the single proposition that before a district court of this state has authority to vacate a judgment there are two issues of fact that must be found by the court: First, whether any ground exists for vacating a judgment; and, second, the validity of the defense to the cause of action.

In support of this contention, counsel for plaintiff in error cite the following cases: Hollister v. Kory et al., 47 Okla. 568, 149 Pac. 1136; Thompson et al. v. Caddo County Bank, 15 Okla. 615, 82 Pac. 927; Provins v. Lovi, 6 Okla. 94, 50 Pac. 81; Pennsylvania Co. v. Potter, decided Jan. 30, 1923, vol. 20, Appellate Court Reporter, p. 301 (pending on rehearing).

We have carefully examined all of these cases, and in each case we find this court sustained the action of the trial court in denying the defendant's motion or petition to vacate a default judgment which had been rendered against the defendant. These cases merely announce the well-established rule of this court that, in order for a defendant to take advantage of the trial court's refusal to set aside or vacate a default judgment against him, the terms of the statute must be substantially complied with.

In Shallenberger et al. v. Brady, 37 Okla. 440, 131 Pac. 1096, this court said:

"In order for a party to take advantage of the court's refusal to set aside a judgment, he must have complied with the statute with reference to motions for new trials; but his failure to do so does not affect the jurisdiction of the court to act."

The cases cited by counsel for plaintiff in error are not applicable to the case at bar. The proceeding complained of herein involves the inherent power of the trial court over its judgment rendered during the same term at which the motion to vacate was filed, and upon continuance, the disposal thereof at the succeeding term. This question has been before this court several times.

In Barnes v. Bruce, 63 Okla. 270, 165 Pac. 405, this court held as follows:

"For the purpose of administering justice the district court has very wide and extended discretion in opening judgments and in setting aside, vacating or modifying proceedings had before it, if it does so at the same term at which the judgment or proceedings were had, if all the parties are present in court, and no advantage is taken of either party." See, also, Parks et al. v. Haynes et al., 52 Okla. 63, 152 Pac. 400; Philip Carey Co. v. Vickers, 38 Okla. 643, 134 Pac. 851; Stark Brothers v. Glaser et al., 19 Okla. 502, 91 Pac. 1040.

In the body of the opinion, in the case of Todd et al. v. Orr, 44 Okla. 459, 145 Pac. 393, the court uses the following language:

"The power of a court of record, during the term at which rendered, to control its orders, judgments, and decrees, made during the term, is of far-reaching importance. That such authority should be possessed by trial courts of general jurisdiction must be conceded. Any other view would so fetter and paralyze the power of the courts that they must frequently do wrong from mere inability to do right."

In the case of Philip Carey Co. v. Vickers, 38 Okla. 643, 134 Pac. 851, this court in the 1st, 2d, and 3d paragraphs of the syllabus lays down the following rules:

"1. It is a general rule of law that all the judgments, decrees, or other orders of the court, however conclusive in their character, are under the control of the court which pronounces them, during the term at which they are rendered or entered of record, and may then be set aside, vacated, or modified by the court.

"2. It is equally well established that after the term has ended all final orders or decrees of the court pass beyond its control unless steps be taken during the term, by motion or otherwise, to set aside, modify, or correct them.

"3. A motion invoking the inherent equitable power of the superior court to vacate one of its own judgments was filed during the term at which such judgment was rendered, but was not ruled upon until the succeeding term, when it was sustained, and the judgment set aside. Held, that the discretionary power of the court was not lost by the continuance of the motion to the next term, and when sustained at that term, the action of the court in the premises was the same in legal effect as if the ruling had been made at the term at which the motion was filed."

In Blake et al. v. Baker, County Treasurer, et al., 66 Okla. 88, 167 Pac. 329, the first paragraph of the syllabus is as follows:

"Courts of general common-law jurisdiction have control of all judgments, decrees, or other orders, however conclusive in their character, during the term at which they are rendered, and may set aside, vacate and modify them during said term, and a motion invoking this inherent equitable power filed during the term at which judgments, decrees, or orders are made invests such court with full power to act at a subsequent term, and the act of the court in the premises at subsequent term has the same legal effect as if such ruling had been made at the term at which the motion was filed."

It is apparent that the defendant, in the case at bar, did not have his day in court,

and from an examination of the evidence in support of the motion to vacate the judgment, there is nothing that would warrant us in concluding that the court below abused its discretion in sustaining said motion. On the other hand, there is ample evidence to convince us that the trial court acted in the furtherance of justice, and in such a manner as not to permit the defendant to suffer by reason of the failure of one of the attorneys for plaintiff to comply with his agreement with the defendant.

For the reasons stated, the judgment of the trial court, in sustaining the defendant's motion to vacate the default judgment against him, is affirmed, and the case remanded for further proceedings.

JOHNSON, C. J., McNEILL, V. C. J., and KANE, KENNAMER, NICHOLSON, COCHRAN, and BRANSON, JJ., concur.