Argued September 29, affirmed October 6, costs taxed November
10, 1925.

# IN RE ESTATE OF AUGUST GERHARDUS.

# BENJAMIN C. ANDERSON *v.* EMMA RAYLEY, EXECUTRIX.

(239 Pac. 829.)

**Judgment—Trial Court has Inherent Power to Alter, Modify or Reverse Any Order, Judgment, or Decree During Term at Which Made.**

1. Trial court has inherent power to alter, modify or reverse any order, judgment or decree during term at which made.

**Judgment—"Rendition of Judgment" Act of Court, Entry is Ministerial Act of Clerk—"Entry of Judgment."**

2. There is a marked distinction between rendition and entry of judgment or order; one being judicial act of court, while other is ministerial act of clerk.

**New Trial—Court had Power to Grant New Trial, Though Order Made During Term was not Entered Until Next Term by Clerk.**

3. Court had power to vacate order denying new trial and grant a new trial, although order which was made during term was not entered by clerk until next succeeding term.

**New Trial—Court's Order Granting New Trial was Exercised During Term, Although not Entered by Clerk Until Next Term.**

4. Court's order granting new trial was exercised during term, where order made during term, though not entered by clerk until next term.

**New Trial—Accident or Surprise as Grounds for New Trial Disregarded, Where No Motion for Continuance Made.**

5. Where no motion for continuance made, accident or surprise as grounds for new trial will be disregarded, as party cannot speculate on outcome of trial, and ask for another hearing on account of being surprised by testimony given.

**New Trial—Sufficiency of Evidence Matter That Should have Been Raised During Course of Trial by Motion for Nonsuit or Directed Verdict.**

6. Matter of sufficiency of the evidence is one that should have been raised during the course of the trial by motion for non-

1. See 15 R. C. L. 688.
2. See 15 R. C. L. 578.
3. See 15 R. C. L. 583.
5. See 20 R. C. L. 286, 287.

116 Or.—8

suit on directed verdict, and, where not so questioned, is not good ground for new trial.

**Appeal and Error—Appellate Court, Under Constitution, cannot Consider Weight of Evidence Submitted to Jury.**

7. Under Constitution, Article VII, Section 3c, appellate court is precluded from considering the weight of the evidence submitted to the jury; it being now not a question of sufficiency, but rather as to whether there is any evidence to support the verdict.

**Appeal and Error—No Manifest Abuse of Discretion by Trial Court in Granting New Trial for Newly Discovered Evidence.**

8. Where trial court was of opinion that justice would be best served by granting a new trial for newly discovered evidence, appellate court, in view of record, could not say there was a manifest abuse of discretion in doing so.

From Multnomah: GEORGE TAZWELL, Judge.

Department 2.

This is an appeal from an order setting aside a verdict and judgment and granting a new trial. Plaintiff presented to the executrix of the estate of August Gerhardus, deceased, a claim for board, room and washing, furnished to Gerhardus between October 1, 1913, and April 30, 1919, amounting in the aggregate to the alleged reasonable value of $2,320. The claim was rejected. Action was then commenced in the Circuit Court against the estate in accordance with Section 3138, Or. L., which, in part, provides:

"In a probate proceeding in which a claim is rejected by the administrator or executor, the claim may be presented to the court for rejection or allowance, as provided by Section 1241 of Lord's Oregon Laws, or, if either party demand it, the claimant must in the first instance bring action against the administrator in the manner in which other actions are brought, and the cause be tried and disposed of in the same manner as any other action."

A verdict resulted against the estate in the sum of $1,000, and judgment was entered accordingly. On February 23, 1923, the executrix, on behalf of the estate filed a motion, supported by affidavits, for a new trial on the following grounds:

"(a) For accident and surprise in witness for claimant testifying that A. Gerhardus was an invalid, and in said Anderson basing his claim in part upon the theory that same was for caring for a tuberculosis patient, not having intimated same previous to trial.

"(b) Newly discovered evidence material to the defense, which could not with and after due diligence have been discovered and produced at or before trial.

"(c) Excessive judgment appearing to have been given under the influence of passion or prejudice.

"(d) Insufficiency of the evidence to justify the verdict."

The trial court, after a hearing on March 5, 1923, made and entered an order denying the motion for new trial. On March 27, 1923—during term time—an order was made setting aside the previous one and granting a new trial on the ground. of newly discovered evidence, but through inadvertence it was not entered by the clerk until April 3, 1923, or on the second day of the next judicial term. Appellant appeals from this last order granting a new trial and asserts: (1) That the "court has no power to vacate an order denying a new trial after it has been regularly made and entered, and grant a new trial"; and (2) that the facts set forth in the affidavits upon which the motion for new trial was based were insufficient to justify a new trial.

AFFIRMED.

For appellant there was a brief and oral argument by *Mr. M. B. Meacham.*

For respondent there was a brief over the names of *Messrs. Collier, Collier & Bernard* and *Mr. W. D. Freeman* with an oral argument by *Mr. John A. Collier.*

BELT, J.—Did the court have power to make the order in question? If not, our labor is at an end; if so, we must determine whether such power was rightfully exercised.

1. It is well established in this jurisdiction that the trial court has the inherent power to alter, modify or reverse any order, judgment, or decree during the term at which it was made. *Hudelson* v. *Sanders-Swafford Co. et al.*, 111 Or. 600 (227 Pac. 310), citing many decisions of this court. In a few jurisdictions it is held that an order erroneously denying a motion for a new trial can be corrected only on appeal, but such rule does not appear to us as being in keeping with the due administration of justice, nor is it in keeping with the decided weight of authority. *Lookabaugh* v. *Cooper,* 5 Okl. 102 (48 Pac. 99), is cited by appellant in support of his contention, but that case was expressly overruled in *Barnes* v. *Bruce,* 63 Okl. 270 (165 Pac. 405), wherein the court said:

"As the rule announced in *Lookabaugh* v. *Cooper* is contrary to that contained in the opinion in *Todd* v. *Orr* and *Philip Carey Co.* v. *Vickers, supra,* and, further, is unsound in principle and opposed to the great weight of authority, the same is expressly overruled."

2-4. It may be argued that, while the order granting a new trial was dated during the term,

it did not in any event become effective until it was entered, which, it appears from the clerk's entry, was on the second day of the next judicial term. For some purposes a judgment or order is of no effect until the same shall have been entered by the clerk (see cases collated in note to *Weber* v. *Mayer* (N. D.), 28 L. R. A. 621), but the rule does not obtain in the instant case. The court acted during term, even though the record of what. it did was not made until after the term had expired. There is a marked distinction between the rendition and entry of a judgment or order. One is the judicial act of the court, while the other is the ministerial act of the clerk: 15 R. C. L. 578. This is not a matter involving the right of a third party nor does it pertain to the right of appeal or perfecting a lien. We hold that the court had the power to grant a new trial and that such power was exercised during the term.

5. Did the court have the right to grant a new trial? The first ground for new trial, viz., accident and surprise occasioned by witness for claimant testifying as above stated, may well be disregarded for the obvious reason that no motion for continuance was made. It will not do to speculate on the outcome of the trial and then ask for another hearing on account of having been surprised by testimony given: *Manning* v. *Gregoire*, 97 Or. 395 (191 Pac. 657, 192 Pac. 406).

6, 7. There is nothing in the record to indicate that the verdict of the jury was due to passion or prejudice.

The contention that the evidence was insufficient to justify the verdict is untenable in the light of *State* v. *Evans*, 98 Or. 215 (192 Pac. 1062, 193 Pac. 927).

The sufficiency of the evidence is a matter that should have been raised during the course of the trial by motion for nonsuit or directed verdict. Furthermore, Section 3a, Article VII, of the Constitution of Oregon precludes us from considering the weight of the evidence submitted to the jury. It is not now a question of the sufficiency of the evidence, but rather one as to whether there is any evidence to support the verdict.

8. The most serious claim for new trial is on the ground of newly discovered evidence. The law applicable thereto is well considered by Mr. Justice Harris in *State* v. *Evans, supra,* and need not be restated. The affidavits in support of the motion are lengthy, and it would unnecessarily prolong this opinion to discuss the facts averred therein. The trial court was of opinion that justice would be best subserved by granting a new trial; and, in view of the record, we cannot say there was a manifest abuse of discretion in doing so: *Barclay* v. *Oregon-Washington Co.,* 75 Or. 559 (147 Pac. 541). The order of the lower court in setting aside the verdict and judgment is therefore affirmed. Affirmed.

McBride, C. J., and Bean and Brown, JJ., concur.