### NICHOLS et al. v. BONAPARTE, County Treas., et al.

No. 23337. March 26, 1935.

Sam Gill, for plaintiffs in error.

Lewis Morris, Co. Atty., B. C. Logsdon, Asst. Co. Atty., Edwin C. Orr, Clyde L. Andrews, and Thomas G. Andrews, for defendants in error.

RILEY, J. This is an appeal from an order vacating a judgment theretofore obtained by plaintiffs. The judgment was entered in the district court of Oklahoma county on July 31, 1928, in an action brought by plaintiffs as owners of real property alleged to have been included in what was known as Choctaw drainage district No. 8, attacking the validity of the organization of said drainage district. The action is against the county treasurer, the county clerk, and the county assessor. The relief sought was the cancellation of assessments, taxes, interest, penalties, and costs accrued and to accrue and a permanent injunction enjoining the spreading of any unpaid assessment of record or extending the same upon the tax rolls or from certifying same to the county assessor or to the county treasurer or other officer of the county, and from collecting or attempting to collect any unpaid portion of such assessments affecting the lands of plaintiffs.

The judgment in effect held the assessments of special drainage taxes void in so far as they affected plaintiff's land located within said drainage district, canceled same of record and enjoined the collection thereof.

As stated above, the judgment was entered July 31, 1928. No motion for new trial was filed within three days thereafter. But on August 31, 1928, and within the same term of court, the motion to vacate and set aside the judgment was filed. The grounds stated therein were that neither the original petition nor the amended petition stated a cause of action justifying the relief granted, or any relief whatever, and that the court committed fundamental error in entering said judgment, and that the evidence introduced was wholly insufficient to justify the relief granted, and that the entire proceedings of the drainage district involved were not before the court at the time it entered its judgment. No action was taken on said motion until August 3, 1931, at which time the order setting aside and vacating said judgment, here appealed from, was entered.

The order vacating the judgment makes no mention of the sufficiency of the amended petition upon which the judgment was based, nor does it specifically hold that the evidence was insufficient to support the judgment rendered. It does indicate, however, that at the hearing on the motion to vacate a transcript of the proceedings of the board of county commissioners in connection with the drainage district was presented to the court, which did indicate that there was some question whether or not the entire proceed-

ings of the board were before the court when the judgment was entered. This appears to be the basis of the order vacating the judgment.

Plaintiffs in error have filed a case-made purporting to contain all the proceedings and evidence before the court upon which the original judgment was based. But it does not appear that the transcript mentioned in the order vacating the judgment is included in the case-made. It may or may not have been the same as that presented to the court at the original hearing.

Plaintiffs in error present their argument under two subheads.

Under the first they devote some 68 pages of their brief to the proposition that the judgment originally entered was correct. Under the second they present the alleged error in vacating said judgment.

With the question of the correctness of the original judgment we are not at this time concerned. It may have been correct. If so, unless, as the court indicated, some material part of the proceedings of the board of county commissioners was overlooked, the judgment finally to be entered would doubtless be the same. There has as yet been no final judgment rendered against plaintiffs, and there may never be.

The only question proper to consider here is whether the order vacating the judgment should be affirmed or reversed.

The rule has long been recognized that a trial court has a wide and extended discretion in modifying, vacating, or setting aside orders, judgments, or decrees made, rendered, and entered in its own court, when it does so at the same term at which such order, decree, or judgment was had. This was held as early as Stark Bros. v. Glaser et al., 19 Okla. 502, 91 P. 1040, and as late as Vacuum Oil Co. v. Brett, 150 Okla. 153, 300 P. 632. Many other cases could be cited so holding.

The rule has been extended to apply to orders made after the term upon motions filed within the term. Philip Carey Co. v. Vickers, 38 Okla. 643, 134 P. 851.

This power of control is stated by Mr. Justice Kane in the latter case as being the "Inherent equitable control which the trial court is conceded to possess over its own judgments."

In Blake et al. v. Baker, Co. Treas., et al., 66 Okla. 88, 167 P. 329, it is said:

"Courts of general common-law jurisdiction have control of all judgments, decrees, or other orders, however conclusive in their character, during the term at which they are rendered, and may set aside, vacate, and modify them during said term, and a motion invoking this inherent equitable power filed during the term at which judgments, decrees, or other orders are made invests such courts with full power to act at a subsequent term, and the action of the court in the premises at such subsequent term has the same legal effect as if such ruling had been made at the term at which the motion was filed."

As stated before, we do not have before us the transcript of the proceedings which the trial court said was presented to it at the hearing on the motion. There may have been something therein which the trial court considered as a matter which should have been presented to it in the first instance, and which might have required a different decree had it been presented.

In view of the fact that the defendants in this case are administrative officers and had no real interest in the controversy, and that the rights of others who had no opportunity to be heard were apparently involved, we are not willing to say that the trial court was wrong or abused its discretion in vacating the judgment.

Judgment affirmed.

McNEILL, C. J., and BUSBY, PHELPS, and GIBSON, JJ., concur.