Julian COHENOUR, Sole Owner, d/b/a Cohenour Construction Company, Plaintiff in Error,

v.

Jack CRAIG, Sheriff of LeFlore County, Oklahoma; T. L. Ferguson, County Treasurer of LeFlore County, Oklahoma; and Board of County Commissioners of the County of LeFlore, Oklahoma, Defendants in Error.

No. 37913.

Supreme Court of Oklahoma.

Jan. 28, 1958.

Elton E. Thompson, Poteau, for plaintiff in error.

James Reidy, County Atty., Poteau, R. F. Barry, W. F. Speakman, Oklahoma City, for defendants in error.

CORN, Vice Chief Justice.

Julian Cohenour brought this action against Jack Craig, Sheriff of LeFlore County, Oklahoma; T. L. Ferguson, County Treasurer of LeFlore County, Oklahoma; and Board of County Commissioners of the County of LeFlore, Oklahoma, to recover taxes paid by him under protest. The matter was presented to the trial court under an agreed statement of facts. On April 15, 1957 judgment for the plaintiff for the full amount was entered. On April 22, 1957 the attorneys for the Oklahoma Tax Commission joined with the County Attorney of LeFlore County in the filing of a motion for new trial. Thereafter, and on the 2nd day of May, 1957 the trial court vacated the judgment and granted a new trial, setting it for May 10, 1957.

The plaintiff appeals contending that since the judgment was entered upon an agreed statement of facts, the judgment was based upon purely questions of law and that therefore the motion for new trial was improper and the granting of a new trial predicated therein is improper.

Unquestionably this court has many times held that a motion for new trial is improper and unnecessary when judgment is based upon an agreed statement of facts, and where an appeal is not taken within the time required by law from the date of the judgment this court is without jurisdiction. Burgin v. Mid-Continent Petroleum Corporation, 188 Okl. 645, 112 P.2d 802; Shallenberger v. Brady, 37 Okl. 440, 131 P. 1096 and the other cases cited and relied upon by the plaintiff. However, this does not have the effect of sustaining the plaintiff's contention. He is the plaintiff in error. No question as to the filing of the appeal within the time required by law from the date of the final judgment is here presented.

The trial court has control of its judgments during the term in which it was rendered. It may set aside judgment upon its own motion. Even though the filing of the motion for new trial was unnecessary, the court's action in vacating the judgment and the granting of a new trial was within the same term. Its action, therefore, will not be disturbed unless it clearly appears that it abused its discretion. In re Baptist General Convention of Oklahoma, 201 Okl. 215, 203 P.2d 885. No contention is made and the record is devoid of anything that even by inference suggests that the court abused its discretion.

Judgment affirmed.

WELCH, C. J., and DAVISON, HALLEY, JOHNSON, WILLIAMS, JACKSON and CARLILE, JJ., concur.

BLACKBIRD, J., concurs in result.