RIDDLE v. CORNELL et al.

No. 30269. Dec. 15, 1942.

Rehearing Denied Jan. 5, 1943.

Application for Leave to File Second Petition for Rehearing Denied March 23, 1943.

*135 P. 2d 41.*

Virgil E. Riddle, pro se, and Francis Stewart, both of Oklahoma City, for plaintiff in error.

Ames, Monnet, Hayes & Brown, of Oklahoma City, for defendants in error.

CORN, V.C.J. This is an appeal from an order vacating a judgment rendered against a garnishee upon failure to answer garnishment summons. The original judgment in this case against the garnishee was entered on November 8, 1940; and the proceedings to vacate the same were instituted during the same term, on November 23, 1940, by the filing of a motion to vacate and giving notice thereof, and also by filing answer to the garnishment summons. The hearing upon the motion was held during the subsequent term of court, on January 9, 1941, resulting in rendition of judgment on February 2, 1941.

The plaintiff brings this appeal upon the assumption that the power of the court to vacate judgments is derived from the provisions of 12 O. S. 1941 § 1031, and predicates error upon the contention that the procedure for vacating judgments was not complied with, and therefore the action of the court in vacating the judgment was arbitrary and unwarranted.

Aside from the statutory grounds for vacating judgments, there is a general rule of law adhered to by all courts that when the proceedings to vacate were instituted during the same term in which the judgment sought to be vacated was rendered, and where it does not clearly appear that its discretion was abused, its action will not be disturbed on appeal.

This rule is discussed in the case of Philip Carey Co. v. Vickers, 38 Okla. 643, 134 P. 851, wherein the rule is laid down in paragraphs 1 and 2 of the syllabus, as follows:

"It is a general rule of law that all the judgments, decrees, or other orders of the court, however conclusive in their character, are under the control of the court which pronounces them, during the term at which they are rendered or entered of record, and may then be set aside, vacated or modified by the court."

"It is equally well established that after the term has ended all final orders or decrees of the court pass beyond its control unless steps be taken during the term, by motion or otherwise, to set aside, modify, or correct them."

In Blake et al. v. Baker, County Treas., et al., 66 Okla. 88, 167 P. 329, it was held:

"Courts of general common-law jurisdiction have control over all judgments, decrees, or other orders, however conclusive in their character during the term at which they are rendered, and may set aside, vacate and modify them during said term, and a motion invoking this inherent equitable power filed during the term at which judgments, decrees, or other orders are made, invests such court with full power to act at a subsequent term, and the action of the court in the premises at such subsequent term has the same legal effect as if such rulings had been made at the term at which the motion was filed."

It is also contended that the court did not have jurisdiction in the proceedings to vacate the judgment because the principal defendant, W. H. Riddle, was not notified of the application to vacate. This contention is obviously without merit because of the fact that the judgment was not vacated as to W. H. Riddle, and he was not a necessary party to such proceedings. The only question involved was between the plaintiff and the garnishee, and that was in relation to the application of certain funds in the hands of the garnishee at the time served with garnishment summons. The evidence showed that garnishee was indebted to W. H. Riddle, Incorporated, a corporation, and not to W. H. Riddle, individually, and that these funds had been disbursed by garnishee to the corporation. Documentary evidence was introduced to show that the transactions in-

volved were with the corporation, and there can be no doubt as to the correctness of the judgment of the trial court in discharging the garnishee.

Under the facts and circumstances of this case, the discretion of the court was not abused in vacating the judgment; and since the trial court, without objection of the parties, proceeded to determine the question of the nonliability of the garnishees and discharged them, the order of the trial court in this respect is not erroneous.

Judgment affirmed.

WELCH, C.J., and OSBORN, HURST, DAVISON, and ARNOLD, JJ., concur. GIBSON, J., dissents. RILEY and BAYLESS, JJ., absent.