In re BAPTIST GENERAL CONVENTION OF OKLAHOMA.

No. 33318.  March 15, 1949.

*203 P. 2d 885.*

Shapard & Wallace, of Oklahoma City, for appellant.

Warren H. Edwards, Co. Atty., and Fred L. Hoyt, Asst. Co. Atty., both of Oklahoma City, for appellee.

GIBSON, J. This action originated in a protest of appellant filed with Oklahoma county board of equalization against the assessment of certain real estate for ad valorem taxation for the year 1947. The protest was overruled by the board, and upon appeal therefrom the case was tried in the district court of Oklahoma county resulting in judgment sustaining the protest, entered on August 27, 1947. On August 29, 1947, there was filed a motion for a new trial, which motion was sustained by the court during the same term. From the order granting the new trial, appellant prosecutes this appeal.

The proposition urged as the basis of error is stated as follows:

"It was error for the court to grant appellee's motion for new trial inasmuch as the evidence of appellant was stipulated to and uncontroverted by appellee, such evidence amounting to an agreed statement of fact, and there being no issue of fact before the court."

In support thereof Tit. 12 O. S. 1941 §651 is quoted, to the effect that a new trial is a re-examination of an issue of fact, and also paragraph 2 of the syllabus in Chivers v. Board of Com'rs of Johnston County, 62 Okla. 2, 161 P. 822, which is as follows:

"A petition for new trial is not proper or allowable, where there has been no issue of fact raised by the pleadings or determined by the verdict of a jury or its legal equivalent upon a former trial in the same court."

It is urged that, in effect, the evidence was stipulated, and therefore it was error of the court to grant a new trial.

The statement that the issue was tried on an agreed statement of facts is not borne out by the record but, deeming the question immaterial, we will consider the facts as stipulated in order to consider the argument which is presented on that basis.

The contention fails to take into consideration the difference in the extent of the power of the court over its acts during the same term and the power of the court thereover after such term. In the latter situation the court is without jurisdiction except to the extent same is conferred by statute and can be properly exercised only in accordance with the provisions thereof. Taliaferro v. Batis, 123 Okla. 59, 252 P. 845. During the term the court's power in such respect is an inherent common-law power that is not governed by statute. Such is held in Richardson v. Howard, 51 Okla. 240, 151 P. 887, as follows:

"The inherent common-law power of courts over their judgments during the term at which the same are rendered and the common-law rights of parties to move to have them set aside for cause, in non-jury cases, is not impaired

by section 3955, St. 1893 (section 4728, Rev. Laws 1910), nor by sections 4464, 4466-4471, St. 1893 (sections 5267, 5269-5275, Rev. Laws 1910), nor by the statute prescribing grounds for new trials."

The power of the court within the term may be exercised solely on its own motion. Tillman v. Tillman, 199 Okla. 130, 184 P. 2d 784. Hence, a motion for a new trial is not necessary to invoke the power of the court to grant it. A characteristic of the power is that the court is endowed with a wide discretion and by reason thereof its acts will not be disturbed on appeal unless it appears that there has been a clear abuse of discretion. Riddle v. Cornell, 192 Okla. 232, 135 P. 2d 41; Harlow Publishing Co. v. Tallant, 171 Okla. 579, 43 P. 2d 106.

In appellant's brief it is said:

"We shall not discuss the grounds relied on by appellee inasmuch as it is appellant's position that the granting of the motion for new trial was error regardless of the validity or invalidity of the grounds assigned for same."

Since, under the law, it must affirmatively appear that the court committed error, the effect of this statement is to exclude any basis of error unless the court was without jurisdiction to grant the new trial because of the facts having been stipulated. There is sought to be drawn a distinction between the power of the court to vacate a judgment and its power to grant a new trial and it is urged that the act of the court was to grant a new trial and not to vacate the judgment. Under the statute, 12 O. S. 1941 §1031, subd. 1, it is expressly provided that the court shall have power to vacate its judgment by granting a new trial. It is a method of exercising the recognized power. And the granting of a new trial may be a necessary incident to the vacation of a judgment in order to avoid error. In Brown et al. v. Capital Townsite Co., 21 Okla. 586, 96 P. 587, the case was tried on a stipulation of fact and judgment for plaintiff. Thereafter, during the same term, the court set aside the judgment and at a succeeding term entered judgment without further trial. Touching the situation the court declared:

"As stated before, there is no clear explanation in the transcript to show upon what theory the court set aside the first judgment and entered the second, except it be, and this we conclude is the correct one, that after setting aside the former judgment on the motion of plaintiff, he subsequently treated his former finding as a special finding of fact, and attempted to enter a judgment thereon, without further trial, at a subsequent term of court. We believe this was error for which the defendants are entitled to a new trial. After the special findings of the court are filed and judgment rendered, the power of the court over it is abandoned, except that the court may, at any time before the close of the term at which judgment is rendered, grant a new trial. 8 Enc. of P. & P. 950; Prince v. Lynch, 38 Cal. 528, 99 Am. Dec. 427; Smith v. Taylor, 82 Cal. 533, 23 P. 217; Levy et al. v. Chittenden et al., 120 Ind. 37, 22 N. E. 92; Hilgenberg v. Northup et al., 134 Ind. 92, 33 N. E. 786. Setting aside the former judgment was tantamount to granting a new trial, and another judgment could not properly be entered, at a subsequent term, without a trial."

No error appearing in the action of the trial court, the judgment is affirmed.

DAVISON, C.J., ARNOLD, V.C.J., and WELCH, CORN, LUTTRELL, HALLEY, and O'NEAL, JJ., concur.