SELECTED INVESTMENTS CORPORATION v. BELL et al.

No. 33362.    May 31, 1949.

*206 P. 2d 989.*

Washington & Thompson, of Oklahoma City, for plaintiff in error.

Hall & Cotten, of Oklahoma City, for defendants in error.

WELCH, J. This is an appeal by Selected Investments Corporation, a corporation, from a judgment of the court of common pleas of Oklahoma county vacating and setting aside a judgment theretofore rendered in its favor.

The action was one in replevin and was brought on the 17th day of January, 1947, against defendants M. C. Bell and Mrs. M. C. Bell for the recovery and possession of an automobile.

Plaintiff claims a lien on the automobile in the sum of $255, together with interest and attorney's fees by virtue of a chattel mortgage note executed by defendant Mrs. M. C. Bell, only. Title and ownership of the automobile, according to the allegations contained in plaintiff's petition, was in defendant M. C. Bell. It is, however, alleged that Mrs. Bell had furnished it with written authority from Mr. Bell authorizing her to execute the mortgage. This written instrument is not attached to the petition as an exhibit.

On the 17th day of January, 1947, summons was issued and delivered for service upon defendants to the sheriff of Oklahoma county and was returned by him "not found in my county." While plaintiff in its brief asserts that service was, in fact, had on defendant Mrs. M. C. Bell, in Oklahoma county, the return of the sheriff appearing in the record shows the contrary.

Thereafter, on the 21st day of March, 1947, an alias summons and replevin writ was issued and placed in the hands of the sheriff of Seminole county for service on defendant, M. C. Bell. The summons was made returnable April 1, 1947, and the answer date was fixed at April 22, 1947. The summons and writ were served on defendant M. C. Bell the 23rd day of March, 1937, and returned and filed in the office of the court clerk of Oklahoma county the 25th day of April, 1947. Both defendants defaulted, neither filing answer or any other pleading in the case.

On the same day return was filed judgment by default was rendered against both defendants for recovery and possession of the automobile or its value, in case return could not be had, in the sum of $255, cost and attorney's fees.

On the 8th day of May, 1947, defendant M. C. Bell filed his motion to vacate the judgment. The motion does not appear to be predicated on any statutory ground. The facts above detailed relative to the issuance, service and return of summons are recited in the motion. It is further alleged that prior to answer date stated in the summons defendant M. C. Bell employed counsel to represent him in the action; that such attorneys immediately examined the appearance docket and found that, then overdue, no return of summons had been made; that thereafter, and several days prior to the date default was taken, they again examined the appearance docket and that such return was still not on file and was not filed until the 25th day of April, 1947, and three days after the answer date stated in the summons.

It is further alleged that attorneys for defendant did not desire to enter a plea in the case until the summons was returned so that they might be

able to examine the original and return thereof prior to entering their plea; that they desired to make such examination for the purpose of determining as to whether the summons and the return thereof was regular and if not found to be regular they desired to present a motion to quash the service.

On the same day the return was filed plaintiff took its judgment by default. Defendant also states that the petition failed to state a cause of action and that the court was without jurisdiction to render the judgment and in general terms alleged that he had good and valid defense to plaintiff's cause of action and that it would be unjust and inequitable to permit the judgment to stand.

The motion was heard by the court and granted on the 16th day of May, 1947, and defendant was given five days in which to plead. No evidence appears to have been taken on the hearing of the motion. The order recites that it was heard on verified motion of defendant and statements of counsel. Statements of counsel, if any made, do not appear in the record. Defendant in his brief, however, states that counsel for plaintiff admitted and stated at the hearing that he obtained and delivered the original summons and the return thereon to the office of the court clerk and had it placed on file and that he immediately thereafter took judgment by default.

The court, in substance, found the facts as stated in defendant's motion and in addition thereto, in substance, found that defendant through unavoidable casualty and misfortune was prevented from defending the action; and on these findings made the order vacating the judgment.

Plaintiff as grounds for reversal first contends that defendant's motion contained no statutory grounds authorizing the vacation of judgment and that the court was therefore without authority to vacate and set the same aside. The record shows that the motion was filed and order vacating the judgment was entered during the term at which it was rendered. The motion does not purport to be based on statutory grounds. It is predicated on equitable grounds and addressed to the sound discretion of the trial court. The motion seeks to invoke the inherent power which courts of record have over their own judgments and records during the term at which they are rendered or made. Counsel for defendant assert that the courts in the exercise of such inherent power may, where good cause is shown, vacate and set aside the judgment during the term at which it is rendered, although no statutory ground exists therefor.

We think this contention correct. We have many times held that a court of record has full control over its orders and judgments during the terms at which they are made and may in the exercise of its sound discretion vacate and set aside such judgment and that such authority and power is not dependent upon any statute, but is inherent in the court itself. Montague v. State ex rel. Commissioners of Land Office of Oklahoma, 184 Okla. 574, 89 P. 2d 283; Welborn v. Whitney, 179 Okla. 420, 65 P. 2d 971; Slyman v. State, 102 Okla. 241, 228 P. 979; Missouri Quarries Co. v. Brady, 95 Okla. 279, 219 P. 368.

It is further contended by plaintiff that since defendant has failed to show or prove that he had a good and valid defense to plaintiff's cause of action the court was without authority or jurisdiction to vacate the judgment. It is asserted that under the statute, 12 O. S. 1941 §1031, it is essential in order to confer upon the court authority and power to vacate a judgment that the party seeking such vacation must first show either that he has a good cause of action or a good and valid defense to the action. This contention would be correct if the motion in the instant case had not been filed until after the term at which the judgment was rendered.

This statute, however, does not apply where the motion is filed during the term at which the judgment is rendered. Rogers v. Sheppard, 200 Okla. 203, 192 P. 2d 643; Dryden v. Burkhart, 198 Okla. 239, 177 P. 2d. 121.

Defendant in his brief argues that he had a good and valid defense to plaintiff's cause of action, but that he was not required, nor did he desire to assert such defense or file any pleading in the case until summons was returned and filed in order to give him an opportunity to examine such service and to determine whether the service of summons and return was regular and if found to be irregular to file a motion to quash before entering a general appearance and pleading in the case, and that he cannot be charged with negligence for so doing. We do not fully agree with this contention. The circumstance relied upon is insufficient to establish a statutory ground or excuse for failure to plead in time. The record discloses that the service was made upon defendant in due time. This counsel knew. Counsel were retained to represent defendant before the time fixed for answer had expired. They immediately examined the appearance docket in the office of the court clerk and then ascertained that return of summons had not then been on file and was long overdue. They made this discovery before time to plead had expired. They had ample time, within the time allowed them in which to plead, to raise the irregularity of this return by motion to quash had they felt disposed so to do. The summons and return thereon was on file at the time the judgment was rendered and the court had jurisdiction to render judgment. It is the service of summons and not the return thereof which confers jurisdiction upon the court to render judgment. Frazier v. Nichols, 48 Okla. 33, 149 P. 1181; 42 Am. Jur. p. 104, §117.

While the evidence is insufficient to show that defendant had statutory grounds sufficient to excuse his failure to plead, and is insufficient to establish unavoidable casualty or misfortune which prevented him from defending the action, since, however, the motion was filed during the term at which the judgment was rendered, we think the evidence was sufficient to authorize the court in the exercise of its equitable inherent power to excuse the failure to plead, and in the exercise of its sound discretion vacate the judgment and permit defendant to come in and defend. Welborn v. Whitney, supra.

Judgment affirmed.

DAVISON, C.J., ARNOLD, V.C.J., and GIBSON, LUTTRELL, HALLEY, JOHNSON, and O'NEAL, JJ., concur.