SIMON v. BRANHAM et al.

No. 35344. March 18, 1952.

Rehearing Denied July 8, 1952.

*245 P. 2d 725.*

C. N. Simon, Tulsa, pro se.

McFadyen & McFadyen, Anadarko, for defendants in error.

BINGAMAN, J. This action was commenced by Fred Branham against C. N. Simon, seeking a mandatory injunction to remove a diversion wall or dam and further injunction to prevent the reconstruction of the same or other diversion of surface waters. During the pendency of the action Fred Branham died and the cause was revived in the name of his administrator, Wayne Branham. By cross-petition the defendant sought to recover damages and to obtain an injunction against the plaintiff and other parties. From the judgment of the trial court, granting an injunction to the plaintiff and denying the cross-petition of the defendant, C. N. Simon, the said defendant appeals.

The defendants in error now move to dismiss the appeal for the reason that a motion for new trial was not filed within three days after the judgment was rendered, as required by the provisions of 12 O. S. 1951 §653. The motion is well taken.

The judgment of the trial court was rendered on February 21, 1951. The journal entry of judgment was filed on February 27, 1951. The motion for new trial was not filed until March 3, 1951.

The plaintiff in error contends the cause was taken under advisement by the court on February 21, 1951, and the judgment was in fact not rendered until the filing of the journal entry on February 27, 1951. He then asserts that his motion for new trial was mailed from Tulsa, to the court clerk at Anadarko, on March 1, 1951, and that he has thereby excused his failure to file such motion three days from February 27th. We are unable to agree with the contention of plaintiff in error that the judgment was rendered on February 27th, when the journal entry was filed, rather than February 21, 1951, as found by the trial court. Assuming, however, that judgment was not rendered until February 27th, the motion for new trial was not filed within three days after that date and a showing that it was mailed within the three days is not sufficient to constitute a filing or showing that such filing was unavoidably prevented. This court, in Roberts v. Sims, 111 Okla. 1, 237 P. 852, held that depositing in the United States mail was not sufficient, in the absence of a showing that no other way could have been employed to make delivery within the

three days time, and there held, following many cases therein cited, that filing within the three days was mandatory. Following this decision, and in the case of George v. Adamson, 184 Okla. 289, 86 P. 2d 980, we held:

"When a person elects to mail . . . he thereby selects the United States mail as his agency, and the risk of delay in delivering is upon him."

Appeal dismissed.

HALLEY, V. C. J., and WELCH, CORN, GIBSON, DAVISON, JOHNSON, and O'NEAL, JJ., concur.