Joe B. HUNT, Insurance Commissioner of the State of Oklahoma, Plaintiff in Error,

v.

WASHINGTON FIRE AND MARINE INSURANCE COMPANY, Midwestern Fire and Marine Insurance Company, St. Louis Fire and Marine Insurance Company, and Insurance Company of St. Louis, all being corporations, Defendants in Error.

No. 39690.

Supreme Court of Oklahoma.

May 14, 1963.

Robert D. Allen, Wm. G. Fisher, Oklahoma City, for plaintiff in error.

Fuller, Smith, Mosburg & Davis, by G. M. Fuller, Oklahoma City (F. L. Boehm, St. Louis, Mo., of counsel), for defendants in error.

Withington, Shirk, Nichols & Work, by William J. Robinson, Foliart, Shepherd & McPherren, Oklahoma City, amici curiae.

HALLEY, Vice Chief Justice.

Joe B. Hunt, Insurance Commissioner of the State of Oklahoma (hereafter called Commissioner), commenced this proceeding against four stock insurance companies which operated under one management known as the St. Louis Insurance Group. The four companies, Washington Fire and Marine Insurance Company, Midwestern Fire and Marine Insurance Company, St. Louis Fire and Marine Insurance Company, and Insurance Company of St. Louis, will be referred to as defendants.

The proceeding was brought under the provisions of Article 12 of the Insurance

Code which is termed the Unfair Practices and Frauds Article (36 O.S.1961 §§ 1201–1213). The Commissioner conducted a hearing and at its conclusion issued his order that defendants:

"*  *  * forthwith cease and desist from their practice of denying their Oklahoma mortgagors the right of purchasing mutual insurance policies in satisfaction of the insurance requirements included within mortgage contracts owned or controlled by  *  *  * any of them."

Thereafter the District Court of Oklahoma County reversed the order of the Commissioner in a proceeding for review under 36 O.S.1961 § 1208. The Commissioner appeals upon the original record from the judgment of the district court which reversed and vacated his order in whole.

The last cited section of the statute which authorizes a proceeding in district court for review of the Commissioner's cease and desist order provides that the district court shall have the power to make and enter a decree modifying, affirming or reversing the order of the Commissioner, in whole or in part. The statute further provides:

"*  *  * The findings of the Commissioner as to the facts, if supported by the evidence, shall be conclusive."

■ Therefore in an appeal, such as was perfected herein, the district court was limited to determining whether an error of law was committed in the Commissioner's hearing and whether his fact findings are supported by some evidence. Upon appeal to this Court we must make the same review.

The district court made no findings, but merely entered its judgment reversing the Commissioner. Thus, we do not have the benefit of the district court's reasoning in reaching its decision. The defendants in their brief have set out several reasons for the district court's judgment and we will now consider them.

The specific provision upon which the Commissioner based his order was 36 O.S. 1961 § 1204, subd. 9:

"§ 1204. Unfair methods of competition and unfair or deceptive acts or practices defined. The following are hereby defined as unfair methods of competition and unfair and deceptive acts or practices in the business of insurance:

*      *      *      *      *      *

"9. Coercion prohibited. Requiring as a condition precedent to the purchase of, or the lending of money upon the security of, real or personal property, that any insurance covering such property, or liability arising from the ownership, maintenance or use thereof, be procured by or on behalf of the vendee or by the borrower in connection with such purchase or loan through any particular person or agent or in any particular insurer, or requiring the payment of a reasonable fee as a condition precedent to the replacement of insurance coverage on mortgaged property at the anniversary date of the policy; provided, however, that this provision shall not prevent the exercise by any such vendor or lender of the right to approve or disapprove any insurer selected to underwrite the insurance; but any disapproval of any insurer shall be on reasonable grounds."

The provisions of 36 O.S.1961 § 1207 require the Commissioner to issue a "cease and desist" order to any person whenever he determines that such person has engaged in any practice defined in section 1204.

The principal evidence upon which the Commissioner's findings and order were based consisted of a letter to the Commissioner from defendants written by the vice-president and general counsel who candidly stated:

"*  *  * Throughout the United States in our operation of purchasing mortgage loans, we will not accept a Mutual or Reciprocal policy covering the loan, unless the borrower is an employee or agent for a Mutual or Reciprocal Insurance Company.  *  *  *"

Other evidence was presented to the effect that it was the practice of defendants, as assignees of mortgages on Oklahoma real estate, to reject insurance policies issued by mutual insurance companies when tendered by their mortgagors. This was true even though the mutual insurer concerned was admittedly safe, sound, and secure from the financial standpoint. Each mortgage was on a form containing the following provisions:

"He (mortgagor) will continuously maintain hazard insurance, of such type or types and amounts as the party of the second part (mortgagee) may from time to time require, * * *. All insurance shall be carried in companies approved by the party of the second part, * * *."

■ Defendants contend that the statute (36 O.S.1961 § 1204, subd. 9) which was the basis of the Commissioner's order was misconstrued by him. Their contention is that the statute prohibits only those acts of disapproval of tendered insurance policies which occur as a "condition precedent" to the lending of money. Their argument as set out in their brief is:

"The entire section is a single sentence. The opening phrase that controls every clause is as follows: 'Requiring as a condition precedent to * * * the lending of money * * *.' The facts in this case simply negative any such condition imposed or any coercion practiced by defendants or even by the original lenders."

The fallacy of this argument may be seen from reading section 1204, subd. 9 which includes this language:

"* * * or requiring the payment of a reasonable fee as a condition precedent to the replacement of insurance coverage on mortgaged property at the anniversary date of the policy; * * *."

This quoted part of the subsection is not controlled by the opening phrase. And the provision concerning a vendor's or lender's right to approve or disapprove any insurer selected to underwrite the insurance is not controlled by the opening phrase.

■ That part of the statute which is the basis for the Commissioner's cease and desist order is the concluding clause:

"but any disapproval of any insurer shall be on reasonable grounds."

This clause is a positive statement concerning a practice of vendors or lenders. This clause must be construed so as to give it effect, for the presumption is that every provision of our statutes has been intended for some useful purpose and should be given effect. Equitable Royalty Corporation v. State ex rel. Com'rs of Land Office, Okl., 352 P.2d 365; Oklahoma Natural Gas Co. v. State ex rel. Vassar, 187 Okl. 164, 101 P. 2d 793.

■ Therefore the last quoted part of section 1204, subd. 9 having to do with reasonable grounds for disapproval of insurers would govern as to one of the practices about which the Commissioner may inquire. If he finds that *any* disapproval of *any* insurer was on unreasonable grounds, he may issue his cease and desist order.

The Commissioner's findings were:

"* * * (defendants) in connection with the transactions of their Oklahoma mortgage loan business have adopted and are presently engaged in the practice of refusing to accept policies of insurance issued by mutual insurers and tendered to said (defendants) by Oklahoma mortgagors in satisfaction of insurance obligations * * *

* * * * * *

"The practice of the (defendants) with respect to mutual insurance policies has no relationship to the (defendants') interests as mortgagees in the adequate insurance protection of the mortgaged property."

■■ These findings are supported by the evidence. Section 1208, quoted near the beginning of this opinion, provides that

such findings of facts which are supported by the evidence shall be conclusive upon the reviewing court. Therefore the district court erred if its judgment of reversal was made upon the basis that such findings of fact were not supported by the evidence.

The Commissioner made another so-called finding; but we deem it to be a conclusion of law. It is as follows:

"* * * However, limitations imposed by mortgagees and having no bearing upon the mortgagees' financial interest in the mortgaged property are not reasonable grounds upon which an insurance company selected by the mortgagor may be deprived of issuing a policy covering the mortgaged property in satisfaction of the insurance requirements of the mortgage."

■ Defendants contend that they have established reasonable grounds to reject mutual insurance policies since the Oklahoma statutes make a distinction in defining and limiting the powers of stock and mutual insurers. We do not believe that the fact that the defendants, which are stock insurance companies, state that they have a natural preference for stock insurance companies over insurers with other managerial or financial operating structures is sufficient to show reasonable grounds for rejecting the tendered mutual insurance policies. We therefore conclude that the Commissioner's so-called finding of fact to that effect, but which we have determined to be a conclusion of law, was correct. The right of a mortgagee assignee to approve or disapprove of the insurance company carrying the policy which a mortgagor tenders must be related to the protection of mortgagee assignee's interest in the property. Certainly the assignee which is an insurance company must have reasonable grounds to dis-approve of an insurer under the plain provisions of 36 O.S.1961 § 1204, subd. 9, and the mere fact that the insurer is a mutual company is not sufficient grounds to disapprove.

■■ None of defendants' other arguments to sustain the district court's judgment are tenable. Defendants argue that the Commissioner's order renders unenforceable the provision in their mortgages giving them the right to approve the companies carrying the tendered insurance policy. They say that other mortgagees who are not insurance companies could enforce the "approval" provision of a mortgage in the manner defendants have attempted to do, and therefore defendants are being denied their Constitutional right of equal protection of the laws. Such claimed right of other mortgagees is not before us. Another argument of defendants is that the Commissioner's order denies them the right to select their own customers. There is no merit to such argument. The right to approve as provided in the mortgage in question is not the same as the right to select. The right to select the insurer lies with the mortgagor in this situation.

We find no errors of law were committed by the Commissioner and the evidence supports his findings. Therefore the district court erred in reversing the Commissioner and vacating his order in whole.

The judgment of the district court is reversed with directions to affirm the Commissioner's order in whole.

BLACKBIRD, V. C. J., and JOHNSON, WILLIAMS, and BERRY, JJ., concur.

DAVISON and JACKSON, JJ., concur in result.

WELCH and IRWIN, JJ., dissent.