The ORTHOPEDIC CLINIC, Petitioner,

v.

Joe JENNINGS, Associate Judge of District
Court of Tulsa County, State of
Oklahoma, Respondent.

No. 44643.

Supreme Court of Oklahoma.

Feb. 16, 1971.

Farmer, Woolsey, Flippo & Bailey, Lawrence A. Johnson, Tulsa, for petitioner.

Paul W. Brightmire, Tulsa, for respondent.

JACKSON, Justice.

In this original action The Orthopedic Clinic, of Tulsa, Oklahoma, requests this court to assume original jurisdiction and prohibit Joe Jennings, Associate District Judge in Tulsa County, Oklahoma, from exercising further jurisdiction in Karriman v. Orthopedic Clinic, No. 115847 in that court. The ground asserted is that the court has lost jurisdiction since more than 30 days have elapsed since the court overruled plaintiff Karriman's motion for new trial. We assume jurisdiction because new procedural questions are presented, but deny the writ.

On June 25, 1970, judgment was entered for defendant in the case of Karriman v. Orthopedic Clinic. Plaintiff Karriman timely filed motion for new trial.

On October 9, 1970, plaintiff's motion for new trial was overruled. Plaintiff's attorney was not present because notice of the hearing had not been published in the Tulsa Daily Legal News as required by the rules of that court.

On October 12, 1970, plaintiff Karriman filed a motion to vacate the order over-ruling his motion for new trial because his attorney had not received notice of the hearing.

On November 30, 1970, the motion to vacate the order overruling motion for new trial was heard and sustained, and the motion for new trial was set for hearing on December 11, 1970. We are requested to prevent that hearing.

It is true that an order overruling a motion for new trial is a final and appealable order. 12 O.S.Supp. 1968, Sec. 952. Appeals are required to be filed in this court within 30 days from the date of the final order. 12 O.S.Supp. 1970, Sec. 990 (effective January 1, 1971), Rule 1.15, Rules on Perfecting a Civil Appeal, 12 Ch. 15, App. 2, O.S.Supp. 1970, p. 328.

A district court has power to vacate or modify its own judgments or orders, 12 O.S.Supp. 1969, Section 1031, —

"Third. For mistake, neglect or omission of the clerk or irregularity in obtaining a judgment or order.

\*     \*     \*     \*     \*     \*

"Seventh. For unavoidable casualty or misfortune, preventing the party from prosecuting or defending."

Section 1031, as amended in 1969, prescribes no time limit within which the court may exercise its powers under subparagraphs "Third" and "Seventh", supra. However, Section 1031, prior to the amendment, authorized a court to vacate or modify its judgments or orders for causes set forth in subparagraphs Third and Seventh, "at \* \* \* the term at which such judgment or order was made."

In 1969 the Legislature abolished terms of court, 20 O.S.Supp. 1969, Section 95, but during the same session provided a substitute for the old "vacation in term time" rule by enacting 12 O.S.Supp. 1969, Section 1031.1, which provides:

"Within thirty (30) days after the rendition of a judgment, the court, of its own initiative or on motion of a party, may correct, open, modify or vacate the

judgment. The court may prescribe what notice, if any, shall be given."

 From the foregoing it is clear that the trial court had jurisdiction for 30 days subsequent to October 9, 1970, within which to vacate its order denying the plaintiff Karriman a new trial. Karriman's motion filed on October 12, 1970, to vacate the order of October 9th vested the court with full power to act upon the motion at a time beyond the 30 day period provided by Section 1031.1, supra.

In the second paragraph of this court's syllabus in Commonwealth Life Ins. Co. v. Avery (1951), 205 Okl. 274, 237 P.2d 433, in explaining the courts powers under the "term time rule", we held:

"A motion invoking the inherent equitable power of the trial court to vacate its own orders filed during the term at which the order was made vests the court with full power to act at a subsequent term, and the action of the court in the premises at the subsequent term has the same legal effect as if such rulings had been made during the term at which the motion was filed."

If we fail to apply our decisions under the old "term time rule" to the provisions of Section 1031.1 we will in some cases, through no fault of a litigant, deprive him of the benefit of Section 1031.1. The Legislature did not intend this result, otherwise it would not have authorized the court "on motion of a party" to correct, open, modify or vacate its judgment.

 We hold that the trial court had jurisdiction to vacate the order denying new trial and hear plaintiff Karriman's motion for new trial.

 We are aware that our decision herein may create conflicts of jurisdiction between trial courts and this court. In the third paragraph of our syllabus in Southeastern, Inc. v. Doty, Judge of the District Court of Washington County, Okl., 481 P. 2d 144, we set forth procedures to be followed in such an event. We adopt it as the second paragraph of our syllabus in this case.

The writ of prohibition is denied.

BERRY, C. J., DAVISON, V. C. J., and WILLIAMS, BLACKBIRD, IRWIN, HODGES and LAVENDER, JJ., concur.