MINNESOTA MINING & MANUFAC-
TURING COMPANY, Petitioner,

v.

The Honorable Homer SMITH, and the
Honorable Charles L. Owens, District
Judges of Oklahoma County, State of
Oklahoma, Respondents.

No. 51921.

Supreme Court of Oklahoma.

June 27, 1978.

Rodney A. Edwards, Jones, Givens, Brett, Gotcher, Doyle & Bogan, Inc., Tulsa, for petitioner.

Charles E. Payne, Russell, Payne & Farber, Oklahoma City, for respondents.

DAVISON, Justice:

This case concerns an original action in which Minnesota Mining and Manufacturing Company, a corporation, asks this Court to assume original jurisdiction and issue a writ of prohibition, prohibiting the respondent trial judges from further proceeding in the cause before them. The facts giving rise to the filing of the petition for extraordinary relief are as follows. In July of 1976, Mildred Mae Brunn, and numerous other plaintiffs, filed an action against three manufacturers, among them Minnesota Mining and Manufacturing Company, alleging to have been injured by coming into contact with fumes and chemicals manufactured by the three defendants. In June of 1977, Minnesota Mining, pursuant to the provisions of 12 O.S. § 504, served upon the plaintiffs, and each of them, Interrogatories and certain Requests For Admissions—the answers to the Requests For Admissions were due on July 31, 1977. No answers to the admissions were ever filed by the plaintiffs, and on August 29, 1977, Minnesota Mining filed a Motion for Summary Judgment, based upon the admissions which came about by virtue of 12 O.S.1971 § 504, and the plaintiffs' failure to answer the admissions within twenty days. Title 12 O.S.1971 § 504 provides in part:

> " * * * *Each of the matters of which an admission is requested shall be deemed admitted,* unless, within a period designated in the request, which period shall be not less than twenty (20) days after service thereof, the party to whom the request is directed serves upon the party requesting the admission either (1) a sworn statement denying specifically the matters of which an admission is requested, or setting forth in detail the reasons why he cannot truthfully admit or deny those matters, or (2) written objections on the grounds that some or all of the requested admissions are privileged or irrelevant or that the request is otherwise improper in whole or in part,

together with the notice of hearing the objections at the earliest practicable time. * * * " [Emphasis added]

On September 16, 1977, Minnesota Mining's Motion for Summary Judgment came on before the assigned trial Judge, the Honorable Homer Smith, and after hearing arguments from both sides and reviewing the record, sustained the Motion for Summary Judgment. No appeal was ever perfected from the trial court's ruling, nor was a Motion for New Trial filed within ten days of the trial court's ruling.

However, some twenty-one days after the trial court's decision, plaintiffs, on October 7, 1977, filed a Motion to Reconsider. That Motion came on for hearing on November 4, 1977, and was heard by the Honorable Charles L. Owens, as the original Judge assigned in the case, the Honorable Homer Smith, was ill. After hearing arguments of counsel and reviewing the pleadings, Judge Owens sustained the Motion to Reconsider, and vacated the Summary Judgment issued by the trial court.

Minnesota Mining now petitions this Court to assume original jurisdiction and issue a writ of prohibition, prohibiting the trial court from further proceeding in the cause, arguing that since no Motion for New Trial was filed within ten days, and no appeal was perfected within thirty days of the trial court's original judgment, the trial court lacked the jurisdiction to consider the Motion to Reconsider, since it was in fact a nullity. We assume original jurisdiction and issue a writ of prohibition for the following reasons.

■ We first note here that the Motion to Reconsider filed by the plaintiffs below was in fact, though not in name, a Motion for New Trial. The plaintiffs' attorney characterized the Motion as such in argument before this Court, indicating that it was his intention to file the Motion within the ten day period, though, through inadvertence such was not done. We also note that the Motion to Reconsider must in the case before us be treated as a Motion for New Trial as the Motion could *not* have properly been considered a Motion to Modi-

fy or Vacate under the provisions of 12 O.S. § 1031(2 through 9), for no facts were plead or proven to bring the Motion within the purview of the specific grounds needed to justify motions under those provisions.

12 O.S.1971 § 1031 establishes the grounds upon which a court may vacate or modify its own judgment. That statute provides:

"The District Court shall have power to vacate or modify its own judgments or orders within the times prescribed hereafter:

First. *By granting a new trial for the cause, within the time and in the manner prescribed in Section 653 of this title.*

Second. By a new trial granted in proceedings against defendants constructively summoned, as provided in Section 176 of this title.

Third. For mistake, neglect or omission of the clerk or irregularity in obtaining a judgment or order.

Fourth. For fraud, practiced by the successful party, in obtaining the judgment or order.

Fifth. For erroneous proceedings against an infant, or a person of unsound mind, where the condition of such defendant does not appear in the record, nor the error in the proceedings.

Sixth. For the death of one of the parties before the judgment in the action.

Seventh. For unavoidable casualty or misfortune, preventing the party from prosecuting or defending.

Eighth. For errors in a judgment, shown by an infant in twelve (12) months after arriving at full age, as prescribed in Section 700 of this title.

Ninth. For taking judgments upon warrants of attorney for more than was due to the plaintiff, when the defendant was not summoned or otherwise legally notified of the time and place of taking such judgment." [Emphasis added]

In the case before us, the Motion to Reconsider was not based upon any of the grounds set forth in Paragraphs Two through Nine of 12 O.S.1971 § 1031, quoted

above. Therefore, the Motion could only have been for the granting of a new trial for cause. Such Motions for New Trial are, pursuant to the provisions of Paragraph One of 12 O.S.1971 § 1031 to be considered within the time and within the manner prescribed in 12 O.S.1971 § 653.

O.S.1971 § 653 provides that:

"*Unless unavoidably prevented,* the application for a new trial, if made, *must be filed within ten* (10) days after the verdict, report or decision is rendered regardless of whether or not the term has ended, except for the cause of newly discovered evidence, material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial, or impossibility of making a case-made." [Emphasis added]

In the case before us, there is no indication in the record that the plaintiffs' below Motion was based upon newly discovered evidence, or the impossibility of making a case-made. Nor is there any indication in the record that the plaintiffs were unavoidably prevented from filing the Motion within the ten day period, nor did the trial judge making a finding as to plaintiffs being unavoidably prevented from filing their Motion in a timely manner.

In *Simon v. Branham,* 206 Okl. 628, 245 P.2d 725 (1952), this Court held that a Motion for New Trial filed outside of the statutory ten day period was a nullity, unless it is made to appear that its timely filing was unavoidably prevented. In that case, there was no showing that appellant was unavoidably prevented from filing his Motion. Holding the appellant's belated Motion for New Trial to be a nullity, the court dismissed the appeal before it. We affirmed.

■ Under the provisions of 12 O.S.1971, § 653, and our interpretation of that statute, the court lacked jurisdiction to consider the Motion filed by respondents in the case before us.

■ As in *Simon v. Branham,* supra, the belated filing of a Motion for New Trial,

absent a showing of "unavoidable prevention", is a nullity. As there was no showing of "unavoidable prevention", the respondents' Motion was in fact a nullity, and the trial court did lack jurisdiction to grant the Motion.

■ Lastly, we consider what effect, if any, the provisions of 12 O.S.1971 § 1031.1 have upon the case before us. That statute provides:

"Within thirty (30) days after the rendition of a judgment, the court, of its own initiative or on motion of a party, may correct, open, modify or vacate the judgment. The court may prescribe what notice, if any, shall be given."

In the case at bar, the Motion to Reconsider, which was in fact a Motion for New Trial, was filed within thirty days of the trial court's rendition of the judgment. If the provisions of Section 653 apply, the Motion for New Trial had to have been brought within ten days, unless such motion was based upon new evidence or unavoidable prevention was involved. The question thus before us is which statute applies in the case at bar. We hold that the provisions of the more specific statute, 12 O.S. 1971 § 653, apply. We do so because the thirty day provision of 12 O.S. § 1031.1 is merely a substitute for the old "term of court rule"[1] which was repealed by the Oklahoma State Legislature. That term of court rule did not prescribe or alter the grounds upon which a trial court may correct, open, vacate or modify a judgment. Rather, the term of court rule merely set a limit on the jurisdictional power of the trial court to correct, open, modify or vacate its judgment, in certain instances.

■ Neither the vacation in term of court rule, nor its substitute, 12 O.S. § 1031.1, are applicable in situations in which the Legislature has provided a more specific and more restrictive limitation. Likewise, the provisions of 12 O.S. § 1031.1 do not limit the power of the trial court, where more specific legislation empowers

---

1. See *Orthopedic Clinic v. Jennings,* Okl., 481 P.2d 139 (1971), in which we characterize 12 O.S.1971 § 1031.1 as a substitute for the old term of court rule.

the trial court to vacate or modify its judgment beyond the thirty day period.

In point of fact, the Legislature has provided that District Courts have the power to vacate or modify their orders, beyond the thirty day period when the proceeding to vacate or modify the judgment is based upon certain of the grounds set forth at 12 O.S. § 1031. When the proceeding is based upon a mistake or omission of the Clerk, or irregularity in obtaining the judgment or order, the specific provisions of 12 O.S. § 1032 are applicable. Under the provisions of § 1032, if vacation or modification is sought because a judgment was rendered before the action regularly stood for trial, the trial court is given the authority to act on such motion if the motion is brought within three months of the rendition of the judgment. 12 O.S.1971 § 1032 provides:

"The proceedings to correct mistakes or omissions of the clerk, or irregularity in obtaining a judgment or order, shall be by motion, upon reasonable notice to the adverse party, or his attorney in the action. The motion to vacate a judgment because of its rendition before the action regularly stood for trial, can be made only within three (3) months after the rendition of said judgment."

Similarly, under the provisions of 12 O.S. 1971 § 1038, when a Motion to Vacate or Modify is based upon certain of the grounds for vacation or modification, set forth at 12 O.S.1971 § 1031, the trial court is empowered to act if proceedings to vacate or modify a judgment is brought within two years, if the modification or vacation is based upon the grounds set forth at subdivisions four, five or seven, of 12 O.S. § 1031. Similarly, if the proceeding to vacate or modify is based upon grounds set forth at subdivisions three or six of 12 O.S. § 1031, the trial court is empowered to act if the proceeding to vacate or modify is brought within three years. And in the case of a proceeding brought upon the grounds set forth at subdivision nine of 12 O.S. § 1031, the trial court is empowered to act, if relief is sought within one year of judgment.

When, as in 12 O.S. § 1032 and § 1038, the Legislature has provided that the trial court has the power to vacate or modify judgments, beyond the thirty day period set forth at § 1031.1, the more specific statutes control and the power of the court to act extends beyond the thirty day limitation.

Similarly, when the Legislature provides a more specific statute, which is more restrictive than the thirty day provision of § 1031.1, the more specific statute is to be applied.

In short, the thirty day provisions of § 1031.1 neither limit nor extend the time in which the trial court is authorized to act, when more specific legislation is involved. In the case before us, more specific legislation is involved and must be applied. That specific legislation is 12 O.S.1971 § 653. In fact, as pointed out above, the provisions of Section 1031 specifically provide that Motions for New Trial are to be brought in the manner prescribed in the more specific statute, 12 O.S.1971 § 653.

■ To hold otherwise, and say that the thirty day provisions of Section 1031.1 of Title 12 are applicable, would violate a cardinal rule of construction, as to do so, would make the ten day provisions of Section 653 of Title 12 inoperable and mere surplusage. We cannot so interpret the statutes, as we are never to conclude that the Legislature has done a vain thing. E. g., *Hunt v. Washington Fire & Marine Insurance Co.,* Okl., 381 P.2d 844 (1963) and *Oklahoma Natural Gas Co. v. State ex rel. Vassar,* 187 Okl. 164, 101 P.2d 793 (1940), in which we held that in construing a statute, it is presumed that every provision was intended to have some useful purpose and that all the provisions should be given effect. To rule that the thirty day provisions of Section 1031.1 apply in cases in which a Motion for New Trial is filed, would mean that the provisions of Section 653 serve no useful purpose. Accordingly, such an interpretation may not be made.

■ Having held that the provisions of 12 O.S.1971 § 653 are applicable to the case at bar, and that under the provisions of that

statute, the trial court lacked jurisdiction to grant plaintiffs' Motion, we hold that a Writ of Prohibition should be issued to prevent the trial court from further proceeding, as all three prerequisites for the issuance of a Writ of Prohibition are present.

In *Umholtz v. City of Tulsa*, Okl., 565 P.2d 15, 18 (1977), this Court held that:

"A writ of prohibition is an extraordinary remedy which is generally inappropriate unless three elements are present—these elements are:

1. A court, officer, or person has or is about to exercise judicial or quasi-judicial power.

2. The exercise of that power is unauthorized by law.

3. And the exercise of that power will result in injury for which there is no other adequate remedy."

In the case before us, a Judge of the District Court is attempting to exercise jurisdiction over questions which, by virtue of the failure to timely file an appeal, the court has lost jurisdiction over. The continued exercise of this power is clearly injurious to the petitioner, Minnesota Mining, and there is no legal remedy as adequate as the issuance of a writ of prohibition. For these reasons, we assume original jurisdiction, and issue a writ of prohibition, prohibiting the trial court from further proceeding in the case below, as it concerns Minnesota Mining and Manufacturing Company. In so holding, we note that the issues involved in this original proceeding do not affect the status of the other defendants below, and the court may continue to consider the plaintiffs' case against all defendants, save Minnesota Mining and Manufacturing Company.

APPLICATION TO ASSUME ORIGINAL JURISDICTION GRANTED; PETITION FOR WRIT OF PROHIBITION GRANTED.

HODGES, C. J., LAVENDER, V. C. J., and DAVISON, IRWIN, and BERRY, JJ., concur.

WILLIAMS, BARNES, SIMMS and DOOLIN, JJ., dissent.

WILLIAMS, Justice, dissenting.

In my view, the opinion of the majority misconceives the nature of the relief sought by plaintiff, and fails to apply the applicable and controlling statute. Further, I cannot understand the reasoning behind the holding of the majority that plaintiff's motion to reconsider *must* be treated as a motion for a new trial.

The simple fact is that plaintiff *did not ask for a new trial.* The motion to reconsider filed by plaintiff is as follows:

"Comes now the plaintiff, Mildred Mae Brunn, by and through her attorney, Charles E. Payne, and does move that the Journal Entry of Judgment signed by Judge Homer Smith pursuant to a motion of judgment heard on the 16th day of September, 1977, *be reconsidered by this Court* the same having been filed in this Court on or about October 10, 1977." (Emphasis added.)

Under 12 O.S.1971, Sec. 1031.1, quoted in the majority opinion, the trial court "*of its own initiative* or on motion of a party" may correct, open, modify or vacate a judgment within 30 days after it is rendered. (Emphasis added.) That being true, the fact that no specific ground for vacating the judgment was included in the motion to reconsider is immaterial; the court could have vacated the judgment at that time even without a motion.

Further, I do not agree that there is a conflict between 12 O.S.1971, Sec. 653 (providing a ten day limit for motions for new trial) and 12 O.S.1971, Sec. 1031.1 (providing a 30 day limit for opening, vacating, correcting or modifying judgments). In holding that there is such a conflict, the majority opinion in effect equates apples with oranges. The remedies provided under these two sections of the statute are entirely separate and distinct.

Since, as the majority opinion properly notes, 12 O.S.1971, Sec. 1031.1 is a substitute for the old "vacation in term time" rule, a reference to cases in which this Court considered the application of that

rule is helpful in determining the power of trial courts under Sec. 1031.1.

In *Williams v. Long Bell Lumber Co.*, 203 Okl. 250, 219 P.2d 992 this Court held in the fourth paragraph of the syllabus:

"The inherent common-law power of courts over their orders and judgments during the term at which they are rendered is not impaired by statutes prescribing grounds for new trial, *but exists independently of statutory authority.*"

In *In Re Baptist General Convention of Oklahoma*, 201 Okl. 215, 203 P.2d 885, this Court's statement of the applicable law in the syllabus was as follows:

"1. The inherent common-law power of courts over their judgments during the term at which they are rendered is not impaired by statutes prescribing the grounds for new trials.

"2. Granting a new trial is a proper method of vacating a judgment.

"3. Where the trial court awards a new trial during the same term in which judgment in the cause was rendered its action will not be disturbed on appeal unless it clearly appears that its discretion was abused."

The latter case, decided in 1949, conclusively demonstrates the fact that the remedies by way of motion for new trial or by way of vacation of judgments under the "vacation in term time" rule (and thus under Sec. 1031.1) are entirely separate and distinct. At that time the applicable statute (12 O.S.1941, Sec. 651) regarding motions for new trial provided that "A new trial is a re-examination in the same court, *of an issue of fact*, after a verdict by a jury, the approval of the report of a referee, or a decision by the court * * *" (Emphasis added). A new trial *of an issue of law* was not authorized; the only *statutory* remedy was by appeal. Of course, Sec. 651 has since been amended.

In *In Re Baptist General Convention of Oklahoma*, supra, the trial court rendered judgment *upon a stipulation of facts* on August 27, 1947. A motion for new trial was filed on August 29, 1947, which was thereafter sustained *during the same term.*

On appeal, the appellant argued that in view of the stipulation of fact, there was no "issue of fact" before the court, and that for that reason the new trial was not authorized by law. Nevertheless, since the new trial was granted *during the same term*, this Court sustained the judgment as a proper exercise of the "vacation in term time" rule, noting that " * * * a motion for new trial is not necessary" to invoke the court's term time powers, which the trial court could exercise "solely on its own motion".

In the case now before us, the majority opinion is plainly based upon jurisdictional grounds. It says:

"Having held that the provisions of 12 O.S.1971, Sec. 653 are applicable to the case at bar, and that under the provisions of that statute, *the trial court lacked jurisdiction to grant defendants' Motion*, we hold that a Writ of Prohibition should be issued * * * *". (Emphasis added.)

Later, after citing the conditions under which a writ of prohibition may properly be awarded as stated in *Umholtz*, the majority opinion says:

"In the case now before us, a Judge of the District Court is attempting to exercise jurisdiction over questions which, by virtue of the failure to timely file an appeal, *the court has lost jurisdiction over.* * * * *". (Emphasis added.)

The implication of the last-quoted sentence, no doubt unintended, is that if a timely appeal *had* been filed, the trial court would *not* have lost jurisdiction.

By virtue of 12 O.S.1971, Sec. 1031.1, and this Court's holdings in *Orthopedic Clinic v. Jennings*, Okl., 481 P.2d 139, and *Southeastern, Inc., v. Doty*, Okl., 481 P.2d 144, the powers of trial courts formerly exercised under the "vacation in term time" rule may now be exercised within 30 days of the judgment concerned. In *Orthopedic*, this Court said at page 141 of the Pacific Reporter:

"If we fail to apply our decisions under the old 'term time rule' to the provisions of Section 1031.1, we will in some cases,

through no fault of a litigant, deprive him of the benefit of Section 1031.1.
\* \* \* "

In my view, the unfortunate results which the Legislature, in Sec. 1031.1, and this Court, in *Orthopedic* and *Southeastern*, sought to avoid, have come to pass in the majority opinion in this case.

12 O.S.1971, Sec. 952, provides in part as follows:

"(b) The Supreme Court may reverse, vacate or modify any of the following orders of the District Court, or a judge thereof:

"\* \* \*

"2. An order that \* \* \* vacates or refuses to vacate a final judgment."

"\* \* \*

"The failure of a party to appeal from an order that is appealable under either subdivision 2 or 2 of subsection (b) of this section shall not preclude him from asserting error in the order after the judgment or final order is rendered."

In my view, the trial court in this case clearly had jurisdiction under the old "vacation in term time" rule (and thus for 30 days under Sec. 1031.1) to vacate the prior summary judgment, and petitioner herein could have appealed from the order. Instead, no appeal was filed, but only an application for the extraordinary remedy of prohibition, which raises only the jurisdictional question of the power of the trial court to act on the motion to reconsider. The trial court did have jurisdiction to vacate the summary judgment with which we are concerned.

In *Orthopedic*, supra, this Court held in the first paragraph of the syllabus:

"Where within 30 days after a trial court has rendered a judgment a party files a motion requesting the court to vacate the judgment, the filing of such motion within 30 days invokes the power of the court under the provisions of 12 O.S.Supp.1969, Section 1031.1, to act after the expiration of the 30 day period, and the action of the court taken after the expiration of the 30 day period has the

same legal effect as if its rulings had been made during the 30 day period."

In that case, we also quoted the following paragraph of this Court's syllabus from *Commonwealth Life Ins. Co. v. Avery*, 205 Okl. 274, 237 P.2d 433:

"A motion invoking the inherent equitable power of the trial court to vacate its own orders filed during the term at which the order was made vests the court with full power to act at a subsequent term, and the action of the court in the premises at the subsequent term has the same legal effect as if such rulings had been made during the term at which the motion was filed."

For numerous other cases in which holdings to the same general effect are made, see cases cited in 9 West's Oklahoma Digest Judgments, Sections 341 and 342.

For reasons not clear to this writer, the opinion of the majority seems to attach some significance to the fact that in *Orthopedic*, this Court specifically mentioned the Third and Seventh sub-divisions of Sec. 1031, and pointed out that Sec. 1031 contains no limitation of time within which the trial court may exercise its powers under those sub-divisions. The reason for doing so in that opinion was that the error attacked by the motion to vacate considered in that case was a failure to give published notice of the hearing on the motion for new trial, as required by the applicable rules of the district court, mentioned earlier in the opinion. Failure to give such notice could constitute a ground for vacating the order overruling the motion for new trial under either the Third or Seventh sub-divisions, and that is why *Orthopedic* refers to them.

Limitations applicable to sub-divisions Fourth through Ninth are set out in Sec. 1038, and all are considerably more than 30 days.

These limitations point up the fact that the *statutory* grounds for vacating a judgment, set out in Sec. 1031, bear no relation at all to the trial court's "term time" powers (and thus to its powers under Sec. 1031.-1).

The latter point is discussed at some length in this Court's opinion in *Hamburger v. Fry*, Okl., 338 P.2d 1088, which was an appeal from the trial court's refusal to vacate a judgment. In that case, defendants, after proper service of summons upon them, hired an attorney to represent them; he thereafter filed motions and a demurrer in their behalf. He also had proper notice of the setting for trial, but did not appear, with the result that a default judgment against his clients, the defendants, was taken on January 21, 1957. After learning of the judgment, defendants hired other counsel who, on February 28, 1957, filed a motion to vacate the judgment upon the ground of unavoidable casualty. The motion to vacate was overruled, after which the defendants appealed to this Court. In the briefs in this Court, the parties relied upon two seemingly opposing lines of cases. Plaintiffs, arguing in support of the refusal to vacate the judgment, cited cases such as *Gavin v. Heath*, 125 Okl. 118, 256 P. 745, which hold that under the general rules governing the relation of principal and agent, the negligence of an attorney is imputable to his client and does not constitute "unavoidable casualty or misfortune" under the statute now codified as Sec. 1031. Defendants, arguing that the refusal to vacate the judgment was error, cited cases such as *Gulf, C. and S. F. Ry. Co. v. Kellum*, Okl., 261 P.2d 611, to the effect that where the party against whom the default is taken is guilty of no actual negligence, but only that of his attorney attributable to him under the principal-agent rule, it is error to refuse to vacate the judgment.

In discussing the apparent conflict between the two lines of cases, this Court said at page 1091 of the Pacific Reporter:

"Initially, neither side appears to have recognized, and only in their final arguments have defendants pointed out, that rather than being conflicting, the two above mentioned lines of cases respectively relied upon, *have involved different types of judgment vacation proceedings.* [Emphasis added]. The principles enumerated in the last cited opinions have been applied solely to those cases in which the judgment vacation proceedings were instituted *within the same term* of court in which the default judgments involved were entered. The point to be emphasized and which this court may not always have previously made clear, is that at such time, neither the trial court's power nor the litigant's right (if it may be referred to as such) depends upon proof that he is the victim of 'unavoidable casualty or misfortune' within the meaning of that term as used in sec. 1031, subd. 7, supra. As said in *Halliburton v. Illinois Life Ins. Co.*, 170 Okl. 360, 40 P.2d 1086, 1088, and pointed out in the quotation from *Morgan v. Phillips Petroleum Co.*, 202 Okl. 181, 212 P.2d 663, and other cases:

'The power of the trial court to act on such a motion was not dependent on statutory grounds, but, on the contrary, involved the power of a court to control its judgment during term.'

See also *Davidson v. Pickens* Okl., 261 P.2d 872. In the early Kansas case of *Welch v. Challen,* 31 Kan. 696, 3 P. 314, 319, which was discussed and followed in *Gavin v. Heath,* supra, the court seems to have recognized this, when it said: ' * * * where a party moves to set aside a judgment immediately after its rendition, and at *the same term at which it was rendered,* it may be set aside for irregularities that would not authorize its being set aside if the application were made at some subsequent term.' " (Emphasis added.)

To the same general effect is the holding of this Court in *Selected Investments Corporation v. Bell*, 201 Okl. 408, 206 P.2d 989, which was an appeal from an order vacating a judgment. In that case, the judgment attacked was rendered on April 25, 1947, and the motion to vacate was filed on May 8, 1947. Although no *statutory* ground was set out in the motion to vacate, the trial court held that through "unavoidable casualty and misfortune" defendants had been prevented from defending the action, and vacated the prior judgment. Plaintiff then appealed to this Court. After setting

out in some detail the facts and circumstances involved, this Court said at page 991 of the Pacific Reporter:

"While the evidence is insufficient to show that defendant had statutory grounds sufficient to excuse his failure to plead, and is insufficient to establish unavoidable casualty or misfortune which prevented him from defending the action, *since however the motion was filed during the term* at which the judgment was rendered, we think the evidence was sufficient to authorize the court in the exercise of its equitable inherent power to excuse the failure to plead, and in the exercise of its sound discretion vacate the judgment and permit the defendant to come in and defend." (Emphasis added.)

In summary, my view of the applicable and controlling law in the case now before this Court is as follows:

1. Under the holdings of this Court in *Orthopedic* and *Southeastern*, supra, previously quoted herein, Sec. 1031.1 is a substitute for the "vacation in term time" rule, and the trial court's powers under that rule are retained for 30 days after the entry of a judgment, under Sec. 1031.1.

2. Under the quoted holding from *Commonwealth*, supra, a motion to vacate filed during the same term gives the court power to vacate the judgment after the term. Under the quoted holdings in *Orthopedic* and *Southeastern*, supra, a motion to vacate filed within 30 days under Sec. 1031.1, may be ruled on after the 30 days have expired.

3. Under the authorities cited and discussed herein, the trial court's "vacation in term time" powers are entirely separate from, and are not limited by, either Sec. 1031 or the statutes regarding motion for new trial.

4. The matter now before this Court is presented on an application to assume original jurisdiction and issue extraordinary writs; therefore, the only question presented is whether the trial court had jurisdiction to vacate the prior summary judgment. The question of whether the trial court *properly exercised* its jurisdiction is not presented here, as it was in *Hamburger* and *Selected Investments*, supra, which were *appeals* from judgments entered on motions to vacate.

For all of these reasons, I must respectfully dissent. I am authorized to state that Messrs. Justices BARNES and SIMMS concur in the views above expressed.